Theo Douglas **WHEATFALL**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. C14–86–825–CR to C14–86–827–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 21, 1988.

Bob Wicoff, David Cunningham, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Appellant entered guilty pleas to three indictments for aggravated robbery. In a consolidated trial, the jury found him guilty and sentenced him to five years probation, twenty years confinement and ten years confinement on each charge, respectively. Appellant raises two points of error. We reverse and remand.

The first point of error complains that the trial court abused its discretion in restricting appellant's time to conduct voir dire examination. Appellant began questioning the panel concerning their ability to consider the range of punishment, particularly focusing on probation. Four jurors were struck for cause due to their inability to consider probation. Forty-five minutes into his voir dire, appellant's counsel (Wicoff) was informed that his time had expired. The record reflects the following exchange:

MR. WICOFF: Your honor, with all respect to the Court, I do need more time on this. We are trying three first degree felonies. We have had a lot of challenges for cause and I've only been able to get into questions about the range of punishment. I need more time to intelligently exercise my preremptory (sic) strikes.

THE COURT: Your motion is denied.

MR. WICOFF: Your Honor, I need to make a bill of exceptions. I would like to read the questions.

THE COURT: I will allow you to later on.

MR. WICOFF: May I submit a list of questions I would like to ask the jury.

THE COURT: You can submit a list, but I'm going to cut you off now and you can make your strikes and the jury will be dismissed for a break and I'll be glad to hear you.

MR. WICOFF: We would like to object to the Court limiting us and we would like to submit questions, questions I would have ask (sic) had the Court given me more time.

THE COURT: You didn't make any complaints as to the time the court allowed at the outset. I want that noted in the record please.

MR. WICOFF: I would like to state for the record, I didn't anticipate so many challenges for cause being necessary.

THE COURT: Let's get on with it.

The record reflects that appellant had no opportunity to question seven of the twelve jurors seated. After the jury was sworn and the rest of the panel dismissed, appellant was permitted to make his bill of exceptions. He provided the court with a list of four questions he had been able to ask of a few jurors, and seven questions he was prevented from asking altogether. The questions concerned the jurors' ability to consider probation for each of the three offenses; whether they had any requirements other than those established by law before they could consider probation; the theory of punishment to which they ascribed; whether they had any feelings or experiences that would prevent them from considering the testimony of a clinical psychologist; whether they would render a verdict without resort to lot or chance; whether anyone on the panel had been a victim of a crime; whether any panelists worked for a law enforcement agency, district attorney or convenience store; whether anyone had pressing business or family matters that would preclude full attention to the trial; and whether they could agree not to hold it against appellant if counsel made objections.

It is well accepted that a trial court may control the conduct of voir dire by imposing reasonable restrictions. *McManus v. State*, 591 S.W.2d 505, 520 (Tex. Crim.App.1979). But it is equally well recognized that the right to be represented by counsel, guaranteed by Article 1, § 10 of the Texas Constitution, encompasses the right of counsel to question the members of the jury panel in order to intelligently exercise his peremptory challenges. *Mathis v. State*, 576 S.W.2d 835, 836 (Tex.Crim. App.1979). While these interests are

meant to coexist, it is inevitable that there will be occasional conflict between them. The Court of Criminal Appeals has established three factors to be considered in determining whether the trial court has abused its discretion in limiting the voir dire examination: 1) whether the defendant's voir dire examination reveals an attempt to prolong the voir dire, by asking irrelevant, immaterial, or unnecessarily repetitious questions; 2) whether the questions that the defendant was not permitted to ask members of the venire were proper voir dire questions; and 3) whether the record shows that the jury included veniremen who the defendant was not permitted to examine. *Ratliff v. State*, 690 S.W.2d 597, 599–600 (Tex.Crim.App.1985).

■ There is no prototype for voir dire. Each case must be examined on its facts. The appropriate length for voir dire will be affected by many factors, such as the makeup of the venire, the complexity of the case, the number of challenges for cause, and the amount of time spent in discussions at the bench. What is a reasonable amount of time in one case may be wholly inadequate in another. *Ratliff*, 690 S.W.2d at 600.

■ In the instant case, appellant did not waste time discussing general principles of law. Rather, he began almost immediately to ask questions concerning attitudes toward punishment. The questions asked were neither irrelevant, immaterial, or repetitious. A significant portion of his allotted forty-five minutes was consumed by challenges for cause. There is no showing that appellant was merely attempting to prolong voir dire.

The court below declined to look at the list of remaining questions before terminating appellant's voir dire. Appellant properly preserved error by placing the list of unasked questions in the record. *Easterling v. State*, 710 S.W.2d 569, 575 (Tex. Crim.App.1986), *cert. denied*, — U.S. —, 107 S.Ct. 170, 93 L.Ed.2d 108 (1986). Each of the additional questions dealt with appropriate topics for voir dire examination. Since the questions were proper, denial of an opportunity to hear answers to those questions prevented intelligent use of peremptory challenges by appellant's trial counsel. *Clark v. State*, 608 S.W.2d 667, 670 (Tex.Crim.App.1980).

Although appellant's trial counsel asked questions of the panel as a group, much of his time was spent dealing with the responses of individual panel members. The statement of facts indicates that the venire was comprised of individuals with strong opinions regarding the conditions under which they could consider the grant of probation. Appellant has established that seven of the twelve jury members were never questioned by him. Therefore, appellant has shown that he was harmed by the trial court's action. *Whitaker v. State*, 653 S.W.2d 781 (Tex.Crim.App.1983).

We conclude that the trial court abused its discretion and deprived appellant of the right to make intelligent use of his peremptory challenges. Appellant's first point of error is sustained. It is, therefore, unnecessary to address the second point of error.

The judgment is reversed and the cause remanded for a new trial.