**Gary DURKOVITZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00274–CR.**

Court of Appeals of Texas, San Antonio.

May 31, 1989.

causing serious bodily injury to a child. The jury assessed punishment at confinement for ten years, probated for ten years, plus a fine of $5,000.00. Appeal has been perfected. We affirm.

The issues before us are:

1) whether "the evidence is insufficient to support the conviction because the evidence did not establish that the acts alleged in the indictment were done recklessly"; and

2) whether "the trial court erred in permitting the State to elicit testimony from Hyron Duey Lowery which disclosed the Texas Flea Market had been convicted of the same offense for which the appellant was being prosecuted."

The test in determining the sufficiency of the evidence to support a criminal conviction is the same in both direct and circumstantial evidence cases. *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim.App.1984) (en banc). The standard of review requires that we look to the evidence in the light most favorable to the prosecution and determine whether a rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Dickey v. State, supra.* In a trial by jury, consideration of conflicts or contradictions will not call for reversal if there is sufficient credible testimony to support the conviction. TEX.CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981) and art. 38.04 (Vernon 1979); *Bowden v. State,* 628 S.W.2d 782, 784 (Tex. Crim.App.1982) (en banc).

Robert A. Scardino, Jr., Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Alice Brown, Lorraine Parker, Harris County Dist. Atty., Houston, Larry P. Urquhart, Brenham, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

Appellant, Gary Durkovitz, was convicted by a jury for the offense of recklessly ■ Appellant, an experienced animal trainer, took his 350 pound grown lion to the Texas Flea Market in Houston on eight different occasions for the purpose of charging patrons to be photographed with the lion. On October 10, 1987, although he was aware that the lion posed a significant danger for children because of it's predator instinct, and that many children were at the flea market, appellant nevertheless took the lion out of its cage into the flea market, attempting to control the lion by only a short, heavy chain.

On the afternoon of October 19, because the lion had become increasingly frisky and restless, appellant attempted to lead the lion through the main aisle to the front doors of the flea market, although it was still full of people, including many children. Appellant lost control of the lion, which grabbed the minor complainant and attempted to crush her head into its mouth. Warren Garza, the flea market security guard, shot the lion twice in the shoulder. The lion released the child, who suffered serious and disfiguring bodily injuries.

Initially, appellant argues that the evidence is insufficient to support the required element of the charged offense that the alleged acts of the appellant were done recklessly.

The statutory definition of recklessness is found in TEX.PENAL CODE ANN. § 6.03(c):

A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

Specifically, appellant contends the State has failed to present sufficient evidence to permit a rational trier of fact to conclude beyond a reasonable doubt that the appellant was aware of a substantial and unjustified risk created by the lion and that he disregarded the risk. We disagree. Although appellant concedes that conflicting testimony was presented, he does not acknowledge that such conflicts are to be resolved by the jury, and will not justify reversal if sufficient credible evidence supports the element at issue. *Bowden v. State, supra.*

The evidence which in the light most favorable to the prosecution supports the element of recklessness was:

1) that a 350 pound grown lion is a dangerous beast;

2) that appellant is an experienced animal trainer who knew the dangers presented by such a beast;

3) that appellant was aware that the lion had injured two other children before this incident;

4) that appellant knew that such a beast is instinctively attracted to attack smaller creatures, such as children;

5) that appellant knew that these instincts are always present in such a beast;

6) that a lion should be declawed when taken into a public place, and the front paws of this lion, which caused much of the injury to the child, were not declawed;

7) that the person who sold the lion to the appellant warned him of the dangers of taking the lion around children;

8) that although appellant on other occasions secured the lion with two chains and armed himself with a shotgun, on the day of the attack only used one chain and was unarmed;

9) that on the date of the attack, because of the carnival, appellant knew many children would be at to the flea market;

10) that appellant knew it was dangerous to take the lion from it's cage into the crowd;

11) that although appellant was asked to remove the lion on one occasion, he refused, contending that he had a million dollar policy on the beast;

12) that on the day in question, the lion was unusually frisky and hard to control and had even scratched appellant;

13) that appellant led the frisky beast through the main aisle of the flea market at a time when many people, including children, were still there;

14) that the chain appellant had on the lion was inadequate, and the beast outweighed appellant by over one hundred pounds, making control of the lion very difficult;

15) that the lion was unrestrained, either by leg restraints or a muzzle;

16) that when the lion attacked the child, appellant was unable to prevent it;

17) that the child was released from the jaws and claws of the beast when the security guard shot the lion twice, but not until the child was severely mangled and disfigured; and

18) that instead of coming to the aid of the injured child, appellant cried and smashed a table with his fist and his assistant ran out of the flea market and disappeared.

The point is rejected.

In his last complaint, appellant contends the trial court erred in "permitting the State to elicit" evidence of the Texas Flea Market's conviction for the same offense facing the appellant.

A review of the record reflects that appellant presented as his witness, Hyron Duey Lowery, a business owner at the Texas Flea Market, who testified among other things that the prosecutor, Mrs. Brown, had interviewed him. On cross-examination, Mrs. Brown questioned the witness about the purpose of her alleged interview with the witness. The court permitted a "yes" or "no" answer to the question: "Do you know what the result of the investigation was?" The witness complied with the court's instruction and answered "yes." Thereafter, the prosecutor asked: "What?" The witness answered: "I understand that the Texas Flea Market has pleaded nolo contendere or something to that effect to the charge of injury to a child." However, appellant objected only after the answer was given by the witness. The trial court correctly sustained the objection and properly instructed the jury to disregard. Although a motion for mistrial was denied by the court, the court took the precaution of instructing the jury a second time not to consider the evidence for any purpose whatsoever.

An objection which is made after the objected testimony has been received is untimely, and error, if any, is waived. *Mulder v. State,* 707 S.W.2d 908, 913 (Tex. Crim.App.1986) (en banc). Therefore, appellant did not make a timely objection and he waived error, if any.

Further, even if appellant had properly preserved the alleged error, we hold that here beyond a reasonable doubt, it made no contribution to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2). The Texas Court of Criminal Appeals has placed "its faith in the jury's ability, upon instruction, consciously to recognize the potential for prejudice, and then consciously to discount the prejudice, if any, in its deliberations." *Gardner v. State,* 730 S.W. 2d 675, 696 (Tex.Crim.App.1987), *cert. denied,* — U.S. —, 108 S.Ct. 248, 98 L.Ed. 2d 206.

The record here clearly reveals that the court not only instructed the jury carefully once, but twice, to disregard the answer; that the prosecution reminded the jury in argument not to consider the guilt of anyone except appellant; and that the evidence of appellant's recklessness with regard to the handling of the lion on the occasion in question is overwhelming.

The point is rejected, and the judgment is affirmed.