**Elisha Genaro DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–89–1046–CR, B14–89–1047–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 11, 1991.

**160**

Stanley G. Schneider, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was indicted in separate causes for the felony offenses of delivery of cocaine, a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.112. The cases were tried together to a jury which found appellant guilty of both offenses. Enhanced by two previous convictions for possession of cocaine, punishment was assessed by the jury at thirty-three years confinement in the Texas Department of

Criminal Justice–Institutional Division. Appellant brings six points of error. We affirm.

■ In his first and second points of error, appellant claims that the trial court abused its discretion: in denying appellant's motion to quash the jury panel based upon its viewing prisoners handcuffed together; and in limiting appellant's voir dire by prohibiting questions regarding their viewing prisoners handcuffed together. Prior to this case the panel observed two groups of handcuffed inmates being escorted either to court or back to the county jail while the panel waited in the hallway. Appellant does not claim that he was a member of either of the inmate groups. The record shows that he was not present. The first time the venire panel saw the appellant, he was dressed in civilian clothes. Appellant claims that allowing jury panels to view inmates in a "chain" undermines the due process guarantees of the Fourteenth Amendment, and therefore this case must be reversed.

■ Constitutional rights are personal in nature and may not be asserted vicariously. Al–Omari v. State, 673 S.W.2d 892, 896 (Tex.App.—Beaumont 1983, writ ref'd). No prejudice is shown to him by the jury's viewing of others. When making a due process challenge, the defendant must show clearly that the violation is unconstitutional as to him in his situation. Had he himself been so viewed, it might have been a violation of due process as to him, but not where, as here, the viewing was of others. See DeBlanc v. State, 799 S.W.2d 701, 706 n. 5 (Tex.Crim.App.1990). The trial court did not abuse its discretion in denying appellant's motion to quash the jury panel.

■ Although appellant contends that his voir dire was erroneously limited, he does not cite any place in the record where this occurred. See TEX.R.APP.ANN. 74(d) (Vernon Pamph.1990). Mere assertions in a brief not supported by evidence in the record will not be considered on appeal. Franklin v. State, 693 S.W.2d 420 (Tex. Crim.App.1985), cert. denied, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986).

Appellant's first and second points of error are overruled.

■ In his third and fourth points of error, appellant claims the trial court abused its discretion in sustaining the State's objection to the testimony of appellant's mother, and its refusal to allow testimony which implicated appellant's brother and exonerated him. When appellant called his mother to the stand, the state objected because she had been in the courtroom and heard testimony in violation of "the rule". TEX.R.CRIM.EVID.ANN. 613 (Vernon Pamph.1990). After a hearing out of the jury's presence, the judge ruled the testimony inadmissible. In a bill of exception, she testified that her other son told her that he was the one who sold the "rocks" to the police and that the appellant was not present.

■ The "rule" provides for the exclusion of witnesses from the courtroom, at the request of a party or on the court's own motion, so the witnesses can not hear the testimony of other witnesses. TEX. R.CRIM.EVID.ANN. 613 (Vernon Pamph. 1990). Enforcement of "the rule" is within the sound discretion of the trial court. Its decision will not be reversed unless an abuse of discretion is shown. *Green v. State,* 682 S.W.2d 271, 294 (Tex.Crim.App. 1984), *cert. denied,* 470 U.S. 1034, 105 S.Ct. 1407, 84 L.Ed.2d 794 (1985); *Hendley v. State,* 783 S.W.2d 750, 752 (Tex.App.— Houston [1st Dist.] 1990, no writ).

■ Issues concerning the rule arise either where there was an *admission* into evidence of testimony by an adverse witness who had violated the rule or a party's *witness* was excluded due to a violation of the rule. *Webb v. State,* 766 S.W.2d 236, 239–40 (Tex.Crim.App.1989). Here, the issue concerns the disqualification of a witness called by the defense. The issue of exclusion of a defense witness's testimony creates a possible conflict with a defendant's constitutional right to have witnesses testify in his defense. *Id.* at 240; TEX. CONST. art. I, §§ 10, 19; U.S. Const. amend. VI; U.S. Const. amend. XIV. In *Webb,* the Texas Court of Criminal Appeals set forth a two-prong test for appellate review in determining whether a trial court has properly exercised its discretion in excluding the testimony of a witness who violates the rule. 766 S.W.2d at 244. Where the rule is violated and the witness is disqualified, a reviewing court should determine:

(1) Whether there were particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom, as well as knowledge of the content of that witness's testimony; and,

(2) If no particular circumstances existed to justify disqualification, was the excluded testimony crucial to the defense?

*Webb,* 766 S.W.2d at 245; *Chavez v. State,* 794 S.W.2d 910, 915 (Tex.App.—Houston [1st Dist.] 1990, writ ref'd). Appellant has the burden of proving that both provisions have been established. 766 S.W.2d at 246. When applying the *Webb* test, a reviewing court must weigh the benefit of upholding the disqualification against the detriment to the appellant from the disqualification. *Id.* at 245.

Appellant's mother was present in the courtroom during the testimony of one of the State's witnesses. The rule's having been invoked, it was incumbent upon appellant to see to it that all non-exempt, prospective witnesses remained outside the courtroom. *Webb,* 766 S.W.2d at 245; *See Lewis v. State,* 486 S.W.2d 104 (Tex.Crim. App.1972); *Carlile v. State,* 451 S.W.2d 511 (Tex.Crim.App.1970). A witness's awareness of the rule is not relevant. Appellant's mother entered the courtroom in the morning and remained during the prosecution testimony. Later she left the courtroom either because she became agitated or because she was prodded to leave by defense counsel. The testimony is conflicting on this point. The defense counsel testified to the court that there was a large pole in the middle of the courtroom which obstructed his view of people entering and exiting the courtroom. However, the record shows that appellant's counsel was aware of appellant's mother's presence during the testimony of one of the State's

witnesses. On discovering her presence, he motioned for her to leave. Thus, he treated her as if she were a prospective witness. Even though he ordered appellant's mother to stay out of the courtroom during the prosecution testimony in the morning, he testified that it was not until later in the day that her testimony became relevant. This suggests that counsel anticipated calling appellant's mother as a defense witness prior to the time he stated.

Appellant's bill of exception shows that she intended to testify to an out of court statement made by appellant's brother at lunchtime which incriminated appellant's brother and exculpated the appellant. Defense counsel argued that although the statement is hearsay, it is admissible as a statement against interest. The statement against interest exception to the hearsay rule covers a statement which tends to expose the declarant to criminal liability. It is not admissible unless corroborating circumstances are presented which clearly indicate the trustworthiness of the statement. Tex.R.Crim.Evid.Ann. 803(24) (Vernon Pamph.1990). Evidence was offered which indicated that appellant's brother was selling drugs in the house the same night as the alleged offense and that appellant was not present. This testimony did not amount to sufficient "corroborating circumstances" to indicate clearly the trustworthiness of the hearsay statement of appellant's brother. The court's ruling on the State's motion to disqualify appellant's mother was not made solely on the basis of her presence in the courtroom. The court also excluded it because it was hearsay. The record indicates that the trial court considered alternative sanctions. In making his ruling, the judge stated, "If [appellant's brother] testifies, I'll let appellant's mother testify. If [appellant's brother] does not testify, I will not let [appellant's mother] testify." Appellant has failed to meet his burden of proof. The third and fourth points of error are overruled.

In his fifth and sixth points of error, appellant claims the trial court erred in overruling his objection to the State's cross-examination of a defense witness regarding her observations of cocaine addicts at Hermann Hospital, and further erred in denying his motion for mistrial after the prosecutor asked the same witness a question about babies born to cocaine addicts. The portion of the record to which the appellant refers is as follows:

[PROSECUTOR]: Knowing in your capacity as a Patient Care Tech at Hermann Hospital, have you ever had the occasion to see people come in who are cocaine addicts?

A: Yes, I have.

Q: Under what circumstances have you seen that?

A: Well, they have overdosed.

Q: What kind of shape are they in?

[DEFENSE COUNSEL]: Your Honor, I don't see the relevance of her observations of cocaine addicts at Hermann Hospital to these proceedings. I object to the testimony.

THE COURT: I'll allow one or two questions to that. This is cross-examination.

[DEFENSE COUNSEL]: You overrule my objection?

THE COURT: Overrule the objection.

[PROSECUTOR]: You can answer that.

A: Okay. Some of them would be—I don't even know how to explain it, not in a very nice condition.

What I mean, they'd be shaking. They'd be hostile, violent. Those kind of things.

Q: Have you ever seen any of the cocaine babies or babies that are born to coke addicts?

A: No.

[DEFENSE COUNSEL]: This is clearly irrelevant to these proceedings.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Ask the Court to instruct the jury to disregard the last question.

THE COURT: Disregard the last question.

[DEFENSE COUNSEL]: And ask for a mistrial.

THE COURT: Overruled. Go on to something else, counsel.

An objection to evidence must be timely. It must be raised at the first op-

portunity or any error is waived. *See Stephens v. State*, 671 S.W.2d 517, 521 (Tex. Crim.App.1984); *Woolls v. State*, 665 S.W.2d 455, 470 (Tex.Crim.App.1983), *cert. denied*, 468 U.S. 1220, 104 S.Ct. 3592, 82 L.Ed.2d 889 (1984). Defense counsel here did not object until the witness had already answered two questions on the first subject and until after the second question had been answered. Thus appellant waived the error, if any. *See Mulder v. State*, 707 S.W.2d 908, 913 (Tex.Crim.App.1986); *Durkovitz v. State*, 771 S.W.2d 12, 15 (Tex. App.—San Antonio 1989, no pet.). The witness' answer was "no" to the second question and the judge instructed the jury to disregard the question. Any possible error was cured. *See Gardner v. State*, 730 S.W.2d 675, 697 (Tex.Crim.App.1987), *cert. denied*, 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987). Appellant's fifth and sixth points of error are overruled.

The judgment of the trial court is affirmed.