Elisha Genaro DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. B14–89–01046–CR,
B14–89–01047–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 16, 1992.

Stanley G. Schneider, Tom Donald Moran, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION ON REMAND

PAUL PRESSLER, Justice.

Appellant was indicted in separate cases for delivery of cocaine. A jury convicted him of both offenses in one trial and assessed punishment at thirty-three years' confinement. In a published opinion, this court affirmed the judgment of conviction without addressing appellant's second point of error. *See Davis v. State,* 814 S.W.2d 159 (Tex.App.—Houston [14th Dist.] 1991), *vacated and remanded,* 817 S.W.2d 345 (Tex.Crim.App.1991). On appellant's petition for discretionary review, the Court of Criminal Appeals vacated the judgment of

this court and remanded the cause for consideration of appellant's second point of error. *See Davis v. State,* 817 S.W.2d 345 (Tex.Crim.App.1991). The judgment is affirmed.

In his second point of error, appellant contends that the trial court erred by improperly restricting his voir dire. The facts indicate that the jury panel observed two groups of handcuffed inmates pass by them in the hall prior to voir dire. Appellant was not a member of either of these groups, and the record shows that he was dressed in civilian clothes when the panel first saw him. On voir dire, appellant's counsel sought to question the jury panel concerning the effect that viewing the "chain" of inmates might have had on their feelings about the presumption of innocence and whether or not they associated being in custody with guilt. He made a few general remarks with regard to this matter and then directed a couple of specific questions to one of the panel members when the judge asked him to refrain from going into the matter any further.

■ The standard of review in a case where the defendant claims he was improperly restricted on voir dire is whether the trial court abused its discretion. *Nunfio v. State,* 808 S.W.2d 482 (Tex.Crim.App.1991). As this court previously noted in *Wheatfall v. State,* 746 S.W.2d 8, 9 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), it is inevitable that there will be occasional conflicts between the trial court's authority to control the conduct of voir dire by imposing reasonable restrictions and the right of defense counsel to question the members of the jury panel in order to intelligently exercise his or her peremptory challenges. *Id.* Given this potential conflict, the Court of Criminal Appeals has established the following factors to be considered in determining whether the trial court has abused its discretion in limiting the voir dire examination: 1) whether the defendant's voir dire examination reveals an attempt to prolong the voir dire by asking irrelevant, immaterial, or unnecessarily repetitious questions; 2) whether the questions that the defendant was not permitted to ask

members of the venire were proper voir dire questions; and 3) whether the record shows that the jury included veniremen who the defendant was not permitted to examine. *Ratliff v. State,* 690 S.W.2d 597, 599–600 (Tex.Crim.App.1985).

In the instant case, the record does not clearly reflect the trial judge's reason for restricting the voir dire. It does indicate, however, that the judge had asked appellant's counsel to "tidy it up" just prior to counsel's getting into the restricted line of questioning, stating that counsel had gone over his time limit. However, appellant does not argue that his time was improperly limited, but rather that he was not permitted to ask proper and relevant questions.

■ Appellant desired to question each juror concerning his or her view on the relationship between being held in jail and the presumption of innocence. The Court of Criminal Appeals has held that a formed conclusion about the guilt or innocence of a defendant that would influence a juror's verdict is a proper inquiry for both challenges for cause and peremptory challenges. *Clark v. State,* 608 S.W.2d 667, 670 (Tex.Crim.App.1980). Appellant's question was a proper attempt to inquire into this area for purposes of intelligently exercising his peremptory challenges.

■ Appellant's inquiry into this matter was also relevant and material as it concerned a fact which was later brought out at trial, namely, that appellant had been arrested and placed in jail from the date of the alleged offense until the date of trial. *See Shipley v. State,* 790 S.W.2d 604, 608 (Tex.Crim.App.1990).

■ Despite the fact that the question was proper, relevant, and material, the record shows that he had already questioned the jury panel with regard to this same issue. Earlier in voir dire, appellant asked the panel and several individual members of the panel whether the presumption of innocence applied to persons who had been placed under arrest. A number of jurors responded, and appellant was permitted ample time to question them fur-

ther on this matter. Appellant's attempt to discover the juror's feelings concerning the relationship between being placed in jail and the presumption of innocence is essentially the same issue, and as such was unnecessarily repetitious. Although the trial judge did not specifically state this as his reason for asking that appellant not go into the matter, a review of the record reflects the following to be true: 1) appellant was permitted to question the jurors at some length with regard to this same matter, and 2) the trial judge told appellant on three separate occasions that he had gone over his time limit. Thus, the trial court did not abuse its discretion in restricting appellant's voir dire by preventing appellant's attempt to prolong voir dire with repetitious questions.

Additionally, appellant does not show, nor does he suggest, that any of the jurors who served were not among those individually examined by him with regard to this matter. *See Ratliff,* 690 S.W.2d at 600. Appellant's second point of error is overruled.

The judgment is affirmed.