Robert TOBAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–445–CR.

Court of Appeals of Texas,
Corpus Christi.

June 18, 1992.

Discretionary Review Granted
Sept. 30, 1992.

V. Antonio Aninao, Janet Morrow, Houston, for appellant.

John D. Holmes, Jr., Scott A. Durfee, Houston, for appellee.

Before NYE, C.J., and KENNEDY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

NYE, Chief Justice.

A jury convicted appellant of aggravated sexual assault and, due to enhancement for a previous felony conviction, assessed punishment at seventy years in prison. By two points of error, appellant complains that the trial court abused its discretion in limiting the amount of time appellant had to conduct voir dire. We affirm the trial court's judgment.

By his first point, appellant claims that the trial court abused its discretion in limiting his voir dire to forty-five minutes. Appellant argues that the limitation foreclosed counsel from asking a proper question, thereby denying appellant the right to effective assistance of counsel. The trial court anticipated that the case would take approximately three days to try. Before

proceedings began, the trial judge stated that each side had forty-five minutes for voir dire.

The trial judge instructed the panel on general principles of law applicable to the case. He elicited several responses, particularly on the issue of parole. The prosecutor then conducted her examination within the assigned time. Appellant's counsel began his voir dire examination by introducing himself and briefly telling the jury about his practice and experience. He spoke for approximately twenty minutes on topics such as receiving a jury summons, how jurors are paid, and how jury selection is actually a process of exclusion. After half of his allotted time had elapsed, counsel began to question the panel on punishment issues, such as whether they could consider minimum punishment and if they could follow the rule prohibiting consideration of probation. He also asked if anyone "would give a police officer special credibility simply because of the fact they were police officers." Many panelists responded to the question and to counsel's questions on minimum punishment and parole. Counsel noted these panelists. At that point, the trial judge informed counsel that his time was almost up. Counsel requested additional time, complaining that he wished to ask the panel three more questions. Appellant claims the questions were proper voir dire questions, yet he was unable to ask them because of the court's time limitation.[1]

■ Control of voir dire examination is within the sound discretion of the trial judge. *Ratliff v. State*, 690 S.W.2d 597, 599 (Tex.Crim.App.1985); *Nance v. State*, 807 S.W.2d 855, 866 (Tex.App.—Corpus Christi 1991, pet. ref'd); *Mowbray v. State*, 788 S.W.2d 658, 666 (Tex.App.—Corpus Christi 1990), *cert. denied,* — U.S. —, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991).

The judge has discretionary authority to impose reasonable limits on the time counsel has to question the jury panel. *Caldwell v. State*, 818 S.W.2d 790, 793 (Tex. Crim.App.1991). The appropriate length of voir dire examination depends upon such factors as the makeup of the venire, complexity of the case, the number of challenges for cause, and the amount of time spent in discussions at the bench. Each case must be examined upon its own facts. The appellate courts reverse only if the trial court has abused its discretion. *Ratliff,* 690 S.W.2d at 600.

■ In reviewing the reasonableness of the trial court's limitation, we consider three factors: (1) whether appellant attempted to prolong voir dire by asking irrelevant, immaterial, or unnecessarily repetitious questions, (2) whether the questions that the appellant was not permitted to ask were proper voir dire questions, and (3) whether the record shows that the jury included veniremen who the appellant was not permitted to examine. *Ratliff,* 690 S.W.2d at 599–600. The issue here is the manner in which defense counsel conducted his voir dire examination. We find that appellant was not denied the opportunity to effectively examine the panel, nor was he unfairly prohibited from conducting his inquiry. *See Barrett v. State*, 516 S.W.2d 181, 182 (Tex.Crim.App.1974), *cert. denied,* 420 U.S. 938, 95 S.Ct. 1148, 43 L.Ed.2d 414 (1975).

■ Counsel has the responsibility to appropriately budget his time within the reasonable limits set by the court. *Whitaker v. State*, 653 S.W.2d 781 (Tex.Crim. App.1983). The record shows that counsel was well aware of his time throughout the examination. Still, he reserved individual questioning for the very end of voir dire.

1. Appellant properly preserved error by making a bill of exceptions consisting of the three questions. They were:
   1. What is your particular theory of punishment and what should be its purpose?
   2. If you concluded that the State had not proved its case beyond a reasonable doubt and a majority voted for guilty, is there anybody here who would disregard your evaluation of the evidence and change your verdict solely because you were in the minority?
   3. Does anybody here have any serious issue at home or at work, in your personal life that might make you lose your concentration during the trial or place any subconscious pressure to [sic] you making a premature decision in the jury room?

He used almost half of his time lecturing the panel on general principles of law including presumption of innocence, privilege against self-incrimination, and burden of proof. These areas had already been covered by the trial court. The prosecutor also covered many of these same issues quite objectively. *Compare Ratliff,* 690 S.W.2d at 600. Counsel gave a greeting of some length, and he also chose to preface relatively straight-forward questions with lengthy hypotheticals. Occasionally, panelists had to request clarification of the questions he asked.

The panelists' responses indicated that some held strong views on police credibility and on punishment issues, particularly the parole rule. Appellant claims it was his examination alone that exposed the panel's leanings, and he was precluded from continuing because "it appeared he would disqualify the entire panel." We disagree. A number of the panel had expressed their views on parole during the trial judge's examination. Counsel opted to save his questions on the punishment issues until the last five minutes. *Compare Wheatfall v. State,* 746 S.W.2d 8, 10 (Tex.App.— Houston [14th Dist.] 1988, pet. ref'd). When he reached the end of his time, he had completed examining all five rows of the panel and had obtained all responses on the issues of parole and minimum punishment. Thereafter, the trial judge called those responding individuals to the bench. Only two were rehabilitated. The others were struck for cause. Counsel questioned on police credibility earlier in his examination. However, he did not probe the panel to see if their tendency to give police testimony greater credibility meant that they could not believe that a police officer would testify falsely. *See Lane v. State,* 822 S.W.2d 35, 42 (Tex.Crim.App.1991). Instead, counsel abandoned the issue to ask about credibility of witnesses with criminal records. He also asked the panel about prior jury service—information available to him on their juror cards. We find no abuse of discretion in the trial court's limitation of voir dire. Point one is overruled.

Similarly, by point two appellant complains that the trial court abused its discretion by denying counsel's request to further question individual panelists about special credibility they may give to police officers. For cases in which the appellant challenges the *voir dire process,* rather than the trial court's failure to grant a specific challenge for cause, the standard of review is again, abuse of discretion. *Cockrum v. State,* 758 S.W.2d 577, 584 (Tex.Crim.App.1988), *cert. denied,* 489 U.S. 1072, 109 S.Ct. 1358, 103 L.Ed.2d 825 (1989). If counsel has been denied the opportunity to ask a proper question, then the trial court abused its discretion. *Cockrum,* 758 S.W.2d at 584. Appellant did not perfect a bill of exceptions listing the questions he wanted to ask the individual panelists. *See generally Cockrum,* 758 S.W.2d at 584; *Ratliff,* 690 S.W.2d at 600; *De La Rosa v. State,* 414 S.W.2d 668 (Tex.Crim. App.1967); *Barrett,* 516 S.W.2d at 181; *Wheatfall,* 746 S.W.2d at 8; Tex.R.App.P. 52(a). However, since the trial court precluded all questions on the topic, we address the merits of his contention. *See Shipley v. State,* 790 S.W.2d 604, 606–07 (Tex.Crim.App.1990); *see generally Hernandez v. State,* 508 S.W.2d 853 (Tex.Crim. App.1974).

The trial court conducted voir dire in two phases. In phase one, the trial judge, the State, and defense counsel addressed the panel. Both appellant and the State had forty-five minutes to address the panel and elicit responses to their questions. In phase two, the court called individuals to the bench and entertained challenges for cause. The trial judge questioned the individuals further to determine if they could be rehabilitated. In his second point, appellant complains of error particularly in the case of prospective juror Dyess. She was called to the bench on the issue of minimum punishment but was rehabilitated. Dyess had also responded affirmatively to counsel's question on police credibility. Counsel sought to question her further on that issue. The trial court disallowed it, stating that counsel's questions on that issue did not go far enough to disqualify any of the jurors on grounds that they

might give special consideration to police testimony.

 If bias or prejudice is not established as a matter of law, the trial court has discretion to determine whether bias or prejudice actually exists to such degree that a prospective juror is disqualified and that a challenge for cause should be sustained. *Little v. State,* 758 S.W.2d 551, 556 (Tex.Crim.App.1988); *Nance,* 807 S.W.2d at 866. Bias is an inclination toward one side of an issue rather than to the other which leads to the natural inference that a juror will not act with impartiality. *Anderson v. State,* 633 S.W.2d 851, 853 (Tex.Crim.App. 1982).

> Bias is shown as a matter of law when a prospective juror admits that he is biased for or against the defendant, admits prejudice against persons who use intoxicating beverages when the defendant is charged with such an offense, admits or demonstrates prejudice toward a racial or ethnic class of which the defendant is a member, or when the prospective juror admits resentment towards a defendant because of some prior contact with the defendant. *Anderson,* 633 S.W.2d at 853. (citations omitted).

 As stated earlier, counsel abandoned his line of questioning on police credibility before he ever established anything other than that some panelists, including Dyess, would tend to give special credibility to police officers. See *Lane,* 822 S.W.2d at 42; *Nance,* 807 S.W.2d at 866; Tex.Code Crim.Proc.Ann. art. 35.16(a)(9) (Vernon 1989). We find that counsel's question did not establish as a matter of law Dyess's or any other panelist's bias. Moreover, since counsel *abandoned* this line of questioning, it was left to the trial judge to determine, in an exercise of his discretion, whether or not bias existed.[2]

We review the trial court's decision in light of all of the prospective juror's answers. *Anderson,* 633 S.W.2d at 854; *Nance,* 807 S.W.2d at 866. The fact that Dyess and so many other panelists re-

sponded affirmatively to counsel's police credibility question was, quite possibly, merely an honest indication that they would presume that police officers would testify honestly. The trial court apparently evaluated the responses as such. Dyess did not respond affirmatively when counsel asked if anyone would then automatically disbelieve a witness who had a criminal history. Only two panelists responded. Nothing in juror Dyess' answers indicated that she could not be an impartial juror or that she had a bias toward appellant. We are not able to hear the panelist's actual responses or view her demeanor to aid us in determining the precise meaning intended. *See Nance,* 807 S.W.2d at 866. From the cold record before us, we find no abuse of discretion. Point two is overruled.

The judgment of the trial court is AFFIRMED.

---

**2.** That counsel abandoned this line of questioning is apparent from the statement of facts of voir dire itself, and from the list of questions counsel submitted in his bill. (*See* point one, *supra*). None of the questions pursue the issue of police credibility.