Robert TOBAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 1081–92.

Court of Criminal Appeals of Texas,
En Banc.

March 31, 1993.

Janet Morrow (court appointed on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Scott A. Durfee, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

Before the Court en banc.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

A jury convicted appellant of aggravated sexual assault and assessed punishment at seventy years imprisonment. V.T.C.A. Penal Code, § 22.021. The Thirteenth Court of Appeals affirmed. *Tobar v. State*, 833 S.W.2d 296 (Tex.App.—Corpus Christi 1992). We granted appellant's petition for discretionary review on the issue of whether it can be said that defense counsel "attempted to prolong voir dire examination unnecessarily" by covering matters already addressed by the trial court and the prosecutor, when counsel addressed those matters from the defense perspective and elicited numerous responses providing the basis for successful challenges and intelligent strikes.

The record reflects that appellant's attorney and the State were each limited to 45 minutes on voir dire. Appellant's attorney objected to the limitation and the trial court indicated it would re-evaluate its ruling at the end of appellant's allotted time. During parts of the voir dire, appellant's attorney explained general principles of law and covered areas which the prosecutor and judge had previously addressed. At the end of the allotted time appellant's attorney requested additional time to conclude voir dire, but his request was denied.

The Court of Appeals relied on the three factors set out in *Ratliff v. State*, 690 S.W.2d 597 (Tex.Cr.App.1985), to determine if the trial court's time limitation on voir dire was an abuse of discretion. The factors addressed were: (1) whether appellant's attorney attempted to prolong voir dire by asking questions which were irrelevant, immaterial, or unnecessarily repetitious, (2) whether the questions that appellant's attorney was not permitted to ask were proper voir dire questions, and (3) whether the actual jury included people who appellant's attorney was not permitted to examine. The Court of Appeals held that the trial court's time limitation on voir dire was not an abuse of discretion. *Tobar*, at 300.

We have recently held in *McCarter v. State*, 837 S.W.2d 117 (Tex.Cr.App.1992), that defense counsel did not unnecessarily prolong voir dire by addressing matters previously covered by the trial court or State. *McCarter* at 122.

The judgment of the Court of Appeals is vacated and the cause is remanded to the Court of Appeals for consideration of appellant's point of error in light of *McCarter*.