Robert TOBAR, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–445–CR.

Court of Appeals of Texas, Corpus Christi.

Jan. 20, 1994.

Discretionary Review Refused June 15, 1994.

V. Antonio Aninao, Janet Morrow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Scott A. Durfee, Asst. Dist. Atty., Houston, for appellee.

Before DORSEY, GILBERTO HINOJOSA and FEDERICO G. HINOJOSA, Jr., JJ.

## *OPINION*

DORSEY, Justice.

A jury found appellant guilty of aggravated sexual assault and assessed his punishment, enhanced by a prior felony conviction, at seventy years in prison. We originally affirmed his conviction,[1] but the Court of Criminal Appeals granted appellant's petition for discretionary review, vacated our decision, and remanded the cause to us for reconsideration in light of *McCarter v. State,* 837 S.W.2d 117 (Tex.Crim.App.1992). *See Tobar v. State,* 850 S.W.2d 182 (Tex.Crim.App. 1993). We have reconsidered and now reverse appellant's conviction and remand the cause to the trial court for new trial.

At issue in this cause is whether the trial court abused its discretion in limiting appellant's voir dire examination to forty-five minutes and then refusing appellant's request for

1. *Tobar v. State,* 833 S.W.2d 296 (Tex.App.— Corpus Christi 1992).

additional time to continue examination and ask several specific questions. Before voir dire, the trial court informed the parties that each would have forty-five minutes to question the venire panel. Thereafter, the trial court and prosecutor lectured and questioned the panel. Then appellant's counsel did likewise. When the trial court informed appellant's counsel that he had less than one minute remaining, counsel approached the bench and informed the trial court of three specific questions that he wished to ask the panel. The trial court denied additional time for those questions.

Originally, we determined that the trial court had not abused its discretion in refusing to permit appellant additional time to ask the three questions. We found that appellant had unnecessarily prolonged voir dire, in part, by addressing matters which had already been covered by the trial court and prosecutor. *Tobar,* 833 S.W.2d at 299. In *McCarter,* the Court of Criminal Appeals rejected such an analysis, holding that a defendant is entitled to question the venire on material issues regardless of whether the State or trial court had already posed similar questions. *McCarter,* 837 S.W.2d at 121; *see Williams v. State,* 804 S.W.2d 95, 107 (Tex. Crim.App.1991); *Mathis v. State,* 576 S.W.2d 835, 839 (Tex.Crim.App.1979).

In light of *McCarter,* we now reconsider whether appellant unduly prolonged the voir dire examination. The State asserts that appellant's counsel did prolong voir dire by greeting the jury, discussing irrelevant topics, and posing lengthy and improper hypothetical questions. Specifically, the State points to counsel's comments regarding (1) his status as a retained attorney, (2) his rationale for criminal defense work, (3) his inability to know the true facts of the case, (4) how jurors are summoned for jury duty, (5) how they are paid for jury duty, (6) how jurors are selected, and (7) prior jury service when such information was already available on the juror cards. The State also contends that appellant's counsel wasted time in posing a hypothetical sexual assault,[2] trying to commit the jury to a finding on those facts, and waiting until the very end of his voir dire time to question individual jurors. We will address all of the State's contentions after making some preliminary observations.

 Voir dire questions are relevant if they involve issues in the case, are necessary to the intelligent use of peremptory challenges, or are relevant to challenges for cause. One purpose of voir dire is to expose any bias or interest of the prospective jurors which might prevent full consideration of the evidence presented at trial. *Price v. State,* 626 S.W.2d 833, 835 (Tex.App.—Corpus Christi 1981, no pet.). Another purpose is to test the qualifications of the jurors.

The term "voir dire" literally means "to speak the truth." *Id.;* Black's Law Dictionary (5th Ed.1979). To encourage prospective jurors to speak truthfully and openly about their attitudes and backgrounds, an interviewing attorney must, as a practical matter, introduce himself to the panel and preface his questions with introductory remarks to set the stage for his inquiries. Such conduct creates rapport with the jury in the context of the case.

The record shows that counsel first introduced himself, telling the jurors that he was hired by appellant and his family. This introduction consumes nine lines in the statement of facts. Counsel then spent about a page telling the jurors that he could identify with them as he too had once been called for jury service. He then explained that a jury's job is to decide the facts and keep an open mind. With a diversion to tell the panel how a juror is selected (fourteen lines), counsel asked his first question, inquiring whether everybody would promise to keep an open mind.

Counsel then consumed approximately four pages setting up his next question regarding the presumption of innocence. Thereafter, counsel quickly asked a question regarding the burden of proof. Counsel spent about a page setting up his next question regarding proof beyond a reasonable doubt.

Next, counsel spent about two pages setting up a hypothetical regarding the State's failure to meet its burden of proof. When

---

**2.** *See Cuevas v. State,* 742 S.W.2d 331 n. 13 (Tex.Crim.App.1987).

the trial court sustained the State's objection to counsel's question regarding the hypothetical, counsel rephrased his question, received a response, and moved along to his next topic, a defendant's failure to testify. This topic was covered efficiently.

With approximately twenty-five minutes remaining, counsel began to ask the members specific questions about themselves: whether they or relatives had been victims of crime; whether they would give a police officer special credibility; whether they would automatically disbelieve a person with a criminal record; whether anyone was associated with law enforcement; whether anyone had previously served on a jury; whether they could consider the entire range of punishment; whether everyone could obey an instruction not to consider parole. The trial court then informed appellant's counsel that he had less than one minute and, as already mentioned, then refused to grant appellant additional time to ask three specific questions.

■ With this overview of appellant's counsel's voir dire, we now address whether counsel unnecessarily prolonged voir dire by wasting the time he was allotted. Appellant's counsel's introductory remarks (his status as a retained attorney, his rationale for criminal defense work, and the summoning, selection, and payments of jurors) consume two pages in the statement of facts. These remarks are not unduly lengthy. While they do not, strictly speaking, involve issues in the case or any juror's suitability for jury service, these remarks generally serve the larger purpose of establishing a rapport between counsel and the prospective jurors. The establishment of such a rapport is important if jurors are indeed going to speak openly about their attitudes and biases. We note, by way of comparison, that the prosecutor used some of her time, consuming a couple pages in the record, introducing herself and establishing a rapport with the jurors. If appellant's counsel's remarks had been unduly lengthy, then we would find that counsel wasted this time. As his remarks are not unduly lengthy and serve a legitimate purpose, we cannot find that appellant's

counsel improperly prolonged voir dire by making these remarks.

■ We next turn to counsel's sexual assault hypothetical. The State says that appellant's use of four hundred and forty-six words to communicate his hypothetical was a dubious use of words as the State's objection to the hypothetical was ultimately sustained. In this regard, we find the State's view myopic. Appellant's hypothetical dealt with an incredible witness whose testimony did not convince the jurors. Appellant's following question dealt with what verdict a juror should reach in that situation. The State objected that appellant was trying to commit the jurors to a specific fact situation. Assuming that appellant's specific question was improper and the State's objection was properly sustained, the area of inquiry (reasonable doubt) was proper. Counsel may have framed his initial question improperly, but we cannot find that he was wasting time by pursuing an irrelevant topic. The State's position with respect to this matter suggests that appellant's counsel was prolonging voir dire because his question was not proper. Rarely is every question asked by an attorney going to be properly phrased. An isolated improper question does not unduly prolong voir dire, although repeated improper questions would.

■ The State also alleges that appellant wasted time by asking the jurors about prior jury service when that information was already on their jury cards.[3] We disagree. The juror information cards asked whether the juror had ever served on a criminal or civil jury before. Appellant's counsel asked whether any one had served on a *grand jury* or whether anyone had served on a criminal or civil jury *as a foreperson*. Thus, counsel's question did not seek information that was actually repetitious of information found on the jury cards.

■ The State also refers in its brief to appellant's counsel's conduct. Near the end of the forty-five minutes allotted for examination, appellant's counsel stated that he only had two more areas to cover, range of pun-

---

**3.** We note that the prosecutor also asked this question.

ishment and parole.[4] Counsel covered those areas. As time expired, he then complained that he wanted to ask three more questions, questions which did not involve the range of punishment or parole. The State's position appears to be that because counsel stated he had only two more areas to cover, he should not be heard to complain about the questions he was not permitted to ask. We disagree. First, counsel actually stated he had two *main* areas left to cover. He did not limit himself to two areas, period. Second, a trial court should not refuse to permit a party to ask relevant and proper questions just because the party earlier made such an off-the-cuff comment. A trial judge should allow proper questions and then curtail similar questions if the voir dire process proves to be unduly lengthy. *See McCarter*, 837 S.W.2d at 120 (quoting *Woolridge v. State*, 827 S.W.2d 900, 905–906 (Tex.Crim.App.1992)).

The State also criticizes appellant's counsel for spending too much time lecturing. The State compares *De La Rosa v. State*, 414 S.W.2d 668 (Tex.Crim.App.1967), in which an abuse of discretion was found, with *Barrett v. State*, 516 S.W.2d 181 (Tex.Crim.App.1974), in which the trial court's limitation was approved. The State asserts the present case is more similar to *Barrett*. In *Barrett*, counsel spoke for twenty-one minutes on the general principles of law before asking questions. In *De La Rosa*, counsel addressed only a few remarks to the panel before directly questioning the members. In the present case, counsel asked his first question on the fourth transcribed page of examination. Counsel asked another question on the next page, spoke for a couple of pages, and then began asking questions at the rate of about one per page. This case is more like *De La Rosa* than *Barrett*.

We further note, as in *McCarter*, there were no objections from the State indicating appellant's questions were repetitious or dilatory. *See McCarter*, 837 S.W.2d at 121. We find that appellant did not prolong the voir dire examination.

We now turn to whether the three questions appellant sought to ask were proper questions. A trial court does not abuse its discretion in limiting voir dire if the questions he sought to ask were improper. *See McCarter*, 837 S.W.2d at 120–121; *De la Rosa*, 414 S.W.2d at 671.

Appellant sought to ask the following three questions:

1. What is your particular theory of punishment and what should be its purpose?

2. If you concluded that the State had not proven its case beyond a reasonable doubt and a majority voted for guilty, is there anybody here who would disregard your evaluation of the evidence and change your verdict solely because you were in the minority?

3. Does anybody here have any serious issues at home or at work, in your personal life that might make you lose your concentration during the trial or place any subconscious pressure to you making a premature decision in the jury room?

We find that these are proper voir dire questions. *See Campbell v. State*, 685 S.W.2d 23 (Tex.Crim.App.1985); *Powell v. State*, 631 S.W.2d 169 (Tex.Crim.App.1982). Furthermore, the State did not object that the questions were improper. *See McCarter*, 837 S.W.2d at 122.

The denial of a proper question during voir dire examination is always reversible error; it is not subject to a harm analysis under Tex.R.App.P. 81(b)(2). *Maddux v. State*, 862 S.W.2d 590, 592 (Tex.Crim.App. 1993); *See Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App.1985); *Mathis v. State*, 576 S.W.2d 835, 837 (Tex.Crim.App.1979).

We sustain appellant's first point of error. The judgment of the trial court is reversed, and the cause is remanded to the trial court.

---

**4.** "I've got two other main areas to cover in about the next five or ten minutes. I'm almost through."