IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2002 Session

## TROI BAILEY, SPRINT LOGISTICS, LLC AND SPRINT WAREHOUSE AND CARTAGE, INC. v. CITY OF LEBANON, TENNESSEE.

**Direct Appeal from the Circuit Court for Wilson County**
**No. 10872     John D. Wootten, Jr., Judge**

-------

**No. M2001-00641-COA-R3-CV - Filed April 23, 2002**

-------

This is an appeal by appellant, City of Lebanon, Tennessee (hereinafter "City of Lebanon") from an order of the trial court awarding damages to the appellee Troi Bailey (hereinafter "Mr. Bailey") and appellees Sprint Logistics, LLC and Sprint Warehouse and Cartage, Inc.(hereinafter collectively "Sprint"), resulting from a motor vehicle accident.  We affirm the trial court.

**Tenn. R. App P. 3, Appeal as of Right; Judgment of the Circuit Affirmed and Remanded**

IRVIN H. KILCREASE, JR., Sp. J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

John E. Quinn, Nashville, Tennessee, for the appellant City of Lebanon, Tennessee.

Tonya M. Crownover, Nashville, Tennessee, for the appellee, Troi Bailey.

Lawrence Alan Poindexter, Lebanon, Tennessee, for the appellees, Sprint Logistics, LLC, and Sprint Warehouse and Cartage, Inc.

**OPINION**

**I.**

This motor vehicle accident occurred on February 9, 1999, in Lebanon, Tennessee in the southbound lane of Sparta Pike at the intersection of Briskin Lane.  Raymond A. Evans, Jr. ("Mr. Evans") an employee of the City of Lebanon was operating a garbage pick-up truck, owned by the City of Lebanon, when he collided with a tractor-trailer being operated by Mr. Bailey, an employee of Sprint.

Mr. Bailey sued the City of Lebanon for damages for personal injuries, medical expenses and lost wages and Sprint sued the City of Lebanon for property damages.

The testimony of the witnesses differed in several respects concerning the details of the accident.

Mr. Bailey testified that he was operating his tractor-trailer truck in a southerly direction, in the right lane of Sparta Pike and applied his right turn signal before he reached the intersection of Briskin Lane and Sparta Pike. In order to accomplish a wide right-turn into Briskin Lane he drove his tractor trailer truck toward the left line of Sparta Pike to straddle the line dividing the two(2) southbound lines. When Mr. Bailey's tractor-trailer truck entered Briskin Lane, Mr. Bailey felt the impact of Mr. Evans' garbage pick-up truck as it collided into the right-side of his tractor-trailer. The impact caused the cab of Mr. Bailey's truck to collide with an automobile that had stopped in Briskin Lane.

Mr. Evans testified at trial that Mr. Bailey was traveling in the left lane on Sparta Pike, before he initiated his right turn, and Mr. Evans was in the right lane and to the rear of Mr. Bailey's tractor-trailer. Further, Mr. Evans testified that when Mr. Bailey made his right turn, he collided with Mr. Bailey's tractor-trailer.

The investigating police officer, Jessie Rigsby testified that there were skid marks made by the City of Lebanon's truck, in the right lane of traffic on Sparta Pike and the skid marks went off the shoulder of the road and led to the point of the collision. The police officers used photographs of the accident scene to illustrate their testimony.

Mr. Evans denied that the truck he was driving made the skid marks. He was of the opinion that anti-lock brakes do not leave skid marks. However, an expert witness, Thomas Jones, testified that anti-lock brakes do leave skid marks.

## II.
### Trial Court Decision

The trial court found the City of Lebanon liable for the accident and awarded damages to Mr. Bailey for personal injuries, medical expenses, pain and suffering, loss of enjoyment of life, loss of earning capacity and wages, in the total amount of $63,000.00

The trial court awarded damages to Sprint for property damage in the amount of $31,279.50.

The trial court further found that Mr. Bailey and Sprint were each 10% at fault for the accident.

## III.
### Issues

The appellant, City of Lebanon, presents the following issues:

### A.
Whether the trial Court erred in awarding Mr. Bailey $15,000 in lost wages because his basis for calculation and credibility were impeached?

B.

Whether the trial court erred in concluding that Mr. Bailey met his burden of proof given his lack of credibility and the testimony of the only unbiased eyewitness at trial?

C.

Whether the trial court erred in finding that the Sprint plaintiffs met their burden of proof that Lebanon was negligent for the same reasons that Mr. Bailey failed to carry his burden?

**IV.**
Standard of Review

Our review of this case is pursuant to Tenn. R. App. P. 13(d) which provides that review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. No presumption of correctness attaches to the trial court's legal conclusions. York v. Vulcan Materials Co., 63 S.W. 3d 384, 387 (Tenn. Ct. App. 2001)

Our de novo review is also subject to the well-established principle that the trial court is in the best position to assess the credibility of the witnesses; accordingly, such determinations are entitled to great weight on appeal. Thompson v. Adcox. 63 S.W. 3d 783, 787 (Tenn. Ct. App. 2001)

**V.**
Analysis

A.

The City of Lebanon argues that the trial court erred when it awarded Mr. Bailey $15,000 in lost wages, because his basis for calculation and credibility were impeached.

Mr. Bailey was employed by Sprint at the time of the accident and he also worked part-time for a limousine service. He was off work from February 9, 1999 until the first of August 1999 because of the accident.

Mr. Bailey testified that his lost wages from Sprint were about $16,000 to $17,000. He worked a minium of 50 hours per week at the rate of $12.00 her hour.

Mr. Bailey testified that he lost wages from his part-time job at the limousine service in the amount of $7,500 to $8,000. He worked weekends earning $10.00 per hour, plus tips.

The trial judge awarded Mr. Bailey $15,000 for lost wages.

The City of Lebanon argues that Mr. Bailey's testimony regarding his lost wages was impeached because of the alleged difference between his testimony and his W-2 statements. However, the trial judge stated that the W-2 statements were not conclusive proof and that he believed Mr. Bailey's testimony concerning his lost wages.

Generally, in non-jury cases, the determination of the credibility of witnesses is for the trial judge and his or her determination will not be disturbed on appeal unless real evidence

compels a contrary conclusion.  McReyolds v. Cherokee Insurance Co., 815 SW 2d 208, 210 (Tenn. App. 1991); Hale v. Hale, 830 SW 2d 206,210 (Tenn. App 1992)

Here, the trial judge determined the credibility of Mr. Bailey's testimony regarding his lost wages and he believed that Mr. Bailey lost wages in the amount of $15,000, one thousand dollars below the minimum amount to which Mr. Bailey testified.  Furthermore, the City of Lebanon offered no proof which contradicted Mr. Bailey's testimony relating to his 1999 wages. We agree with the trial judge.

## B.

The City of Lebanon argues that Mr. Bailey's testimony lacks credibility therefore, the trial court erred in accepting Mr. Bailey's testimony that Mr. Evans, the driver of the City of Lebanon's truck, caused the motor vehicle accident.

Again, the determination of the credibility of a witness is with the trier of fact.  In this instance the trier of fact was the trial judge.  Hale v. Hale, *supra*.  The trial judge found Mr. Bailey's testimony credible as to whose negligence caused the accident.  We agree with the trial judge.

## C.

The City of Lebanon argues that the trial court erred in finding that Sprint carried its burden of proof that the City of Lebanon was negligent for the same reasons that Mr. Bailey failed to carry his burden of proof.  Again, the City of Lebanon takes issue with the trial judge's determinations as to the credibility of the witnesses.  The trial judge based his finding that the City of Lebanon was negligent in causing the accident, on the testimony of Sprint's driver, Mr. Bailey, the testimony of the investigating police officers, and the physical evidence.

In this instance we do no find any reason to disturb the determination of the trial judge as to the credibility of the witnesses.  We agree with the trial judge.

## VI.
Conclusion

We affirm the decision of the trial court.  This case is remanded to the trial court for such further proceedings as may be necessary.  Costs of this appeal are assessed against the Appellant, City of Lebanon and its surety, for which execution may issue, if necessary.

 

_____

IRVIN H. KILCREASE, JR., Sp. J.