NO. 07-99-0339-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 5, 2001

______________________________

JOHN WESLEY MCKNIGHT, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 100
TH
 DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 2388; HONORABLE DAVID M. MCCOY, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Appellant John Wesley McKnight, Jr., appeals his conviction and sentence of confinement for ten years and a fine of $7,500.  He asserts that the State did not timely disclose impeachment evidence as to a prosecution witness and that his counsel was precluded from properly questioning the jury venire during voir dire.  We affirm.

BACKGROUND

Appellant was indicted in Collingsworth County for delivery of cocaine, a controlled substance, in an amount of less than one gram.  The offense allegedly was committed within 1,000 feet of the premises of a school owned by the Wellington Independent School District.  The case went to trial in May, 1999.  Appellant was convicted and sentenced to confinement for ten years and a fine of $7,500.  He urges five issues on appeal.  Issues one through four are based upon the failure of the State to timely furnish terms of an agreement between the State and George Carrion, one of the participants in the delivery transaction, for Carrion to testify against appellant.  Issue five complains that the trial court precluded appellant’s counsel from questioning a member of the jury panel about her ability to estimate the distance between the site of the alleged drug transaction and the school property.  We will address the issues in appropriate groupings.

FAILURE TO DISCLOSE IMPEACHMENT EVIDENCE

Prior to trial, appellant’s counsel filed a Motion for Discovery and Inspection.  By the motion, he sought and was granted an order requiring the State to produce and make available for inspection certain items.  Among the items requested were a) any agreements between the State and any prospective witness which could affect the testimony, attitude, or conduct of the witness and b) any exculpatory or mitigating evidence known to the prosecution.  

The State made known to appellant that Carrion was an actual or potential witness, that Carrion had entered into a plea agreement with the State, that the plea agreement had been consummated, that a plea hearing had been held, and sentence had been imposed.  At the time he testified against appellant at trial, Carrion was already serving the sentence resulting from his plea.  The agreement between Carrion and the State was that if Carrion agreed to testify against appellant, his agreement to testify would be taken into account in his plea bargain.  The agreement was not disclosed to appellant’s counsel before trial.  The agreement was disclosed during trial on re-direct examination while Carrion was testifying as a witness for the State.  By that time Carrion had testified that when Shane Black, the State’s confidential informant, came to appellant’s house to buy cocaine, the only persons in the house were Black, Carrion and appellant.  Carrion had also testified, as had Black, that appellant brought cocaine out of the bathroom, delivered it to Black, and appellant ended up with the money paid by Black for the drugs.  

Appellant’s counsel cross-examined Carrion about his agreement and the resulting sentence.  Carrion denied that the agreement affected his testimony.  Following an overnight break, appellant’s counsel moved for a mistrial because of the failure of the State to disclose the agreement between the State and Carrion prior to trial.  The motion was denied.  Appellant’s counsel did not request a continuance or recess of the trial because of the late disclosure of the plea agreement. 

Appellant’s first issue asserts the trial court erred in failing to grant a new trial because of the failure to timely disclose 
Brady
(footnote: 1) impeachment information on Carrion.  His second issue urges the trial court erred in failing to grant his motion for a mistrial following the late disclosure.  His third issue is that the trial court erred in failing to grant a mistrial on the basis that double jeopardy principles might prevent a re-trial, and such consideration was improper.  Issue four addresses the harmfulness of the 
Brady
 evidence that Carrion and the State had an agreement for Carrion to testify.  

The granting or denying of a mistrial is within the discretion of the trial court.  
See
 
Kipp v. State
, 876 S.W.2d 330, 339 (Tex.Crim.App. 1994).  Likewise, the granting or denying of a motion for new trial is within the discretion of the trial court.  
State v. Gonzalez
, 855 S.W.2d 692, 696 (Tex.Crim.App. 1993).  A trial court abuses its discretion when its action or decision is not within the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391(Tex.Crim.App.1991) (op. on reh’g).  And, we are to uphold a trial court decision if the decision is correct based on any theory of law applicable to the case, even if the trial court gave an incorrect reason for its decision.  
See
 
Romero v. State
, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990); 
Calloway v. State
, 743 S.W.2d 645, 651-52 (Tex.Crim.App. 1988).   

In order to ensure that the accused receives a fair trial, the State has an affirmative duty to disclose evidence that is favorable to the accused where the evidence is material to either guilt or punishment.  
Brady
, 373 U.S. at 87, 83 S.Ct. at 1196-97.  Evidence favorable to the accused includes both exculpatory evidence, as well as impeachment evidence.  
United States v. Bagley
, 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985).  The State violates its duty and the accused’s due process rights under the Fourteenth Amendment to the United States Constitution when a prosecutor (1) fails to disclose evidence (2) which is favorable to the accused (3) that creates a probability of detriment to the defendant which is sufficient to undermine confidence in the outcome of the proceeding.  
Bagley
, 473 U.S. at 682, 105 S.Ct. at 3383; 
Thomas v. State
, 841 S.W.2d 399, 404 (Tex.Crim.App. 1992).  The three-part 
Bagley
 test is the proper standard in reviewing the trial court’s ruling on appellant’s motion for a mistrial.  
See
 
State v. DeLeon
, 971 S.W.2d 701, 705-06 (Tex.App.--Amarillo 1998, pet. ref’d).  The same test applies in reviewing the trial court’s ruling on a motion for new trial when late disclosure of 
Brady
 material is the basis for the motion.  
See
 
Little v. State
, 991 S.W.2d 864, 866-67 (Tex.Crim.App. 1999); 
Thomas
, 841 S.W.2d at 404-05 (Tex.Crim.App. 1992). 

          When the State discloses 
Brady
 material after the trial has begun, a determination must be made as to whether the defendant was prejudiced by the late disclosure.  
DeLeon
, 971 S.W.2d at 705; 
Yates v. State
, 941 S.W.2d 357, 364 (Tex.App.--Waco 1997, pet. ref’d).  The disclosure during trial satisfies requirements of due process if the material was disclosed in time to allow effective use by the defendant.  
DeLeon
, 971 S.W.2d at 706.  If 
Brady
 material is disclosed during trial and the defendant fails to request a continuance or recess, error is not preserved as to the late disclosure.  
Id
.; 
Yates
, 941 S.W.2d at 364.  In such a situation, denial of a motion for mistrial is not an abuse of the trial court’s discretion; the error has already been waived.  
See
 
id
.; 
Cohen v. State
, 966 S.W.2d 756, 763-64 (Tex.App.--Beaumont 1998, pet. ref’d); 
DeLeon
, 971 S.W.2d at 706-07.  

Appellant’s failure to request a continuance or recess following disclosure of Carrion’s agreement with the State resulted in waiver of error as to the alleged 
Brady
 violation under these circumstances.  
DeLeon
, 971 S.W.2d at 706.  Because the error, if any, was waived, the trial court did not err in refusing to grant a mistrial.  
Id
. at 706-07.  The trial court’s reasons given for refusing to grant a mistrial, whether double jeopardy considerations or otherwise, do not permit reversal of a judgment which is correct based on the law.  
Romero
, 800 S.W.2d at 543.  And, the trial court’s failure to grant a new trial was not an abuse of discretion; error was not preserved as to the alleged 
Brady
 violation which appellant urges as the reason a new trial should have been granted.  
See
 
Montgomery
, 810 S.W.2d at 391.  Finally, since error was not preserved as to the late disclosure of 
Brady
 material, the error, if any, need not be analyzed for harm.  
See
 
Tex. R. App. P
. 44.2.  Appellant’s first four issues are overruled.

JURY VOIR DIRE

By his fifth issue, appellant contends that the trial court committed reversible error by denying him the opportunity to ask a proper question during voir dire.  Appellant’s complaint is based on the following exchange:

Defense: . . . [I]f I was to ask you how far it is from that playground to any of those houses between 15th and 16th on Dalhart Street, could you give me an estimate how far that is?

Prosecutor: I’m going to object it’s not relevant, Your Honor, for any purpose for voir dire.

Defense: Your Honor, Mr. Sims put up here on the board, I believe for — within a thousand feet of a school owned by Wellington Independent School District.  That’s his.  I’m just seeing how many of them know about this, that’s all.  I don’t know how it’s not relevant when he put it up here.  Part of the indictment, Your Honor.

Court: You didn’t ask about to a school, did you?

Defense: Within a school yard.  I was about to until I got objected to.

Court: I’ll let you ask.

Prosecutor: The distance, whether she can tell the distance or not is not relevant, what she can do or any of the other potential jurors.

Court: Sustained in that regard as to voir dire.

The trial court has broad discretion in ruling on matters during voir dire, and its rulings are reviewed under an abuse of discretion standard.  
Camacho v. State
, 864 S.W.2d 524, 531 (Tex.Crim.App. 1993), 
cert. denied
, 510 U.S. 1215, 114 S.Ct. 1339, 127 L.Ed.2d 687 (1994); 
Woolridge v. State
, 827 S.W.2d 900, 904 (Tex.Crim.App. 1992).  A question is proper if its purpose is to discover a juror's views on an issue applicable to the case.  
McCarter v. State
, 837 S.W.2d 117, 121-22 (Tex.Crim.App. 1992).  The trial court must not restrict proper questions which seek to discover a juror's views on an issue applicable to the case.  
Id
.  The right to pose proper questions during voir dire of the jury panel is included within the right to counsel under Article I, § 10 of the Texas Constitution.  
Gonzales v. State
, 994 S.W.2d 170, 171 (Tex.Crim.App. 1999).  Erroneously restricting jury voir dire is not a structural error of a federal constitutional nature, however, and is subject to harmless error analysis.  
Id
. 

In this instance, appellant’s counsel disclosed to the trial court that he was inquiring about the personal knowledge of the potential juror as to the location of the alleged crime.  And, part of the crime alleged by the State pertained directly to the distance between two parts of the location.  The State alleged that the offense occurred within 1,000 feet of a school.  
See
 
Tex. Health & Safety Code Ann
. § 481.134 (Vernon Supp. 2001).  

A question about a juror’s personal knowledge of matters involved in the case is proper during voir dire.  
See
 
Woolridge
, 827 S.W.2d at 904.  The trial court abused its discretion in precluding appellant’s counsel from asking the question posed.  Nevertheless, we conclude that the error was harmless.  

Two witnesses testified that the location of the drug transaction was less than three hundred feet from Wellington Elementary School property.  Carl Taylor had been employed with the Wellington school system since 1983.  At the time of trial he was superintendent of the Wellington schools.  Taylor testified that the distance between the house where the drugs were delivered and the elementary school property was, at the most, 40 to 50 yards.  Jon Sessions was the city manager for the City of Wellington.  He testified that the house where the transaction occurred was between the school property and the alley behind the house.  Sessions measured the distance between the elementary school property and the alley.  According to his measurements, the distance between the school property and the alley was 230 feet.  Sessions concluded that the distance from the elementary school property to the house was less than 230 feet.    

The court’s charge instructed the jury that in deliberating, the jurors should neither consider nor discuss any matters not in evidence, nor consider or mention any personal knowledge the jurors might have about any fact which was not shown by the evidence.  
Absent evidence to the contrary, a jury is presumed to follow the instructions set forth in the court's charge.  
Hutch v. State
, 922 S.W.2d 166, 172 (Tex.Crim.App. 1996).
  

The trial evidence and the presumption that the jury followed the trial court’s instructions to consider only the evidence admitted during trial lead us to conclude that the trial court’s error in precluding counsel’s question during jury voir dire was harmless beyond a reasonable doubt.  
See
 
Tex. R. App. P.
 44.2.  We overrule appellant’s fifth issue.  

CONCLUSION

Having overruled appellant’s five issues, we affirm the judgment of the trial court.  

Phil Johnson

    Justice

Do not publish.       

FOOTNOTES
1:
Brady v. Maryland
, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).