NO. 12-00-00361-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




PERCY RASPBERRY, § APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS


 


PER CURIAM
 

 Percy Raspberry appeals his conviction for the felony offense of assault on a public servant. 
A jury found Appellant guilty and assessed his punishment at two years of imprisonment. The judge
granted Appellant credit for over two years and seven months time served from January 27, 1998, to
the date of the judgment, August 30, 2000. In one issue, Appellant argues that the trial court erred by
denying his challenge for cause to a prospective juror and by restricting counsel's ability to question
the prospective juror further. We affirm.


Background


 In April of 1997, Appellant was an inmate at the Michael Unit of the Institutional Division of
the Texas Department of Criminal Justice. Appellant was indicted for assault on a public servant after
an altercation in the prison cafeteria during which Appellant struck a correctional officer, setting off a
melee among the inmates and guards. See Tex. Pen. Code Ann. § 22.01(b)(1) (Vernon Supp. 2001).

 A jury trial was held in August of 2000. (1) About halfway through his fifty-five minute voir dire,
Appellant's counsel asked the venire panel, "Is there anybody here who would have difficulty finding
someone not guilty on what they considered a technicality when it was consistent with the instructions
of the Judge?" An unidentified panel member responded, "Well, I couldn't go against my conscience
if I felt that he was guilty and a technicality kicked it out. I would vote him guilty." After additional
comments by unidentified members of the venire panel, counsel asked row by row, "Who else feels that
way?" Floyd Willmott ("Willmott") was the ninth panel member to indicate he so felt. Later, in
response to another question along the same lines, Willmott seemingly indicated he would not be able
to follow the court's instructions if a "technicality" required acquittal, but when counsel questioned him
further, Willmott stated that he would be able to follow the court's instructions. Counsel continued to
pose questions to the venire panel regarding "technicalities" until the trial judge interrupted with an
explanation of the elements of an offense. Counsel concluded his voir dire shortly thereafter.

 The trial court sustained Appellant's challenges for cause to six prospective jurors without
subjecting those jurors to further questioning. Then, nine panel members, including Willmott, were
brought before the bench for further questioning on Appellant's challenges for cause. The judge
instructed counsel not to use the word "technicality" when questioning the prospective jurors at the
bench because of its negative connotations. However, he did not otherwise restrict counsel's
questioning. 

 The trial judge questioned Willmott about his ability to follow the court's instructions, giving
Willmott several hypothetical examples of required elements of an offense. Willmott indicated that he
understood that where one element of an offense was not proven, though a defendant's conduct might
violate another penal statute, acquittal would be required on the charged offense. Willmott said he "had
no problem with that." Appellant asked no questions of Willmott at the bench.

 The judge sustained Appellant's challenge for cause to one of the nine veniremen and overruled
the other eight, including Appellant's challenge for cause of Willmott. Then Appellant requested and
was denied additional peremptory strikes. Appellant used a peremptory strike to remove Willmott from
the jury. After the jury was seated, but before it was sworn, Appellant again requested and was denied
additional peremptory strikes. Though it is unclear from the record, we surmise from Appellant's
request that he had exhausted his peremptory challenges. Appellant also identified two objectionable
venire members who sat on the jury and on whom he would have exercised peremptory challenges had
the trial court not denied his challenge for cause to Willmott and another prospective juror.


Challenge for Cause

 Appellant contends the trial court abused its discretion by denying his challenge for cause to
venireman Willmott after he indicated he would not acquit a defendant based on a "technicality." The defendant may challenge a venire member for cause if the venire member has a bias or
prejudice against any of the law applicable to the case. See Tex. Code Crim. Proc. Ann. art.
35.16(c)(2) (Vernon Supp. 2001). Refusal to consider or apply the relevant law is a bias against the
law. See Sadler v. State, 977 S.W.2d 140, 142 (Tex. Crim. App. 1998). If a trial court erroneously
denies a challenge for cause, harm is shown if the record indicates that the Appellant: (1) used a
peremptory challenge to remove the venire member, (2) exhausted his peremptory challenges, (3)
requested and was denied additional peremptory challenges, and (4) identified an objectionable venire
member who sat on the jury and on whom the appellant would have exercised peremptory challenges
had he not exhausted his peremptory challenges to correct the trial court's erroneous denial of his
challenge for cause. See Johnson v. State, 43 S.W.3d 1, 5-6 (Tex. Crim. App. 2001).

 In reviewing a trial court's ruling on a challenge for cause, we review the totality of the voir dire
testimony to determine whether it supports the trial court's finding that the prospective juror is able to
follow the law as instructed. See King v. State, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000). We
reverse the trial court only if a clear abuse of discretion is evident. See Id. When the potential juror's
answers are vacillating, unclear or contradictory, particular deference is accorded to the trial court's
decision because the trial court is in the best position to evaluate the venireman's demeanor and
responses. See Id. A trial court does not abuse its discretion in denying a challenge for cause if the
venire person is rehabilitated when further questioned by the trial court judge. See Westbrook v. State,
846 S.W.2d 155, 161 (Tex. App.-Fort Worth 1993, no pet.).


Limitation on Voir Dire

 Appellant contends the trial court abused its discretion by restricting counsel's ability to
question Willmott further after he indicated he would not acquit a defendant based on a "technicality." 
 

 A trial judge may impose reasonable restrictions on the exercise of voir dire examinations. See
McCarter v. State, 837 S.W.2d 117, 119 (Tex. Crim. App. 1992). We review a trial judge's decision
to limit voir dire under an abuse of discretion standard. See Dinkins v. State, 894 S.W.2d 330, 345
(Tex. Crim. App. 1995). A trial judge abuses his discretion when he limits a proper question concerning
a proper area of inquiry. See id. However, a trial judge may prohibit an otherwise proper question
which substantially repeats other questions posed by the same party. See Allridge v. State, 762 S.W.2d
146, 167 (Tex. Crim. App. 1988).


Application

 In the instant case, the voir dire record does not support Appellant's arguments. We hold that
the trial court did not abuse its discretion by overruling Appellant's challenge for cause to Willmott. 
Where Appellant asked no follow-up questions to what he now claims were ambiguous answers by the
venireman, we must accord due deference to the trial court's ability, by virtue of his position, to assess
the jurors' demeanor and sincerity. We conclude, after reviewing Willmott's exchanges with
Appellant's counsel during voir dire and with the trial judge at the bench, that Willmott showed that
he could follow the law as instructed and, thus, was not subject to a challenge for cause despite his
initial responses. 

 We hold that the trial court did not abuse its discretion by limiting Appellant's voir dire. The
trial court granted Appellant wide latitude during his questions to the voir dire panel. We note that
Appellant's questions regarding "technicalities" cover twenty pages of the reporter's record and roughly
half of Appellant's fifty-five minute voir dire. We note that Appellant's counsel wholly failed to make
an effort to work within the restrictions imposed by the court and that rather than accepting the court's
invitation to rephrase his questions to exclude the term "technicalities," Appellant's counsel asked no
questions of Willmott at the bench. Furthermore, the trial court's hypothetical examples covered the
substance of Appellant's question.

 Appellant's issue is overruled. The judgment is affirmed.

Opinion delivered August 31, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

(DO NOT PUBLISH)
1. It appears from the record that a jury trial held in June of 1999 ended in a mistrial after the jury could not
reach a unanimous verdict.