Steven Todd McCARTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 847–91.

Court of Criminal Appeals of Texas, En Banc.

June 24, 1992.

Rehearing Denied Sept. 23, 1992.

---

Randy Schaffer, on Petition for Discretionary Review only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alan Curry, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

A jury found appellant guilty of delivery of a controlled substance pursuant to Tex. Health & Safety Code ann. § 481.112. The trial judge assessed punishment at 15 years confinement. Tex.Health & Safety Code ann. § 481.106. The Court of Appeals affirmed. *McCarter v. State*, No. 11–90–029–CR (Tex.App.—Eastland, delivered June 20, 1991) (not published). Appellant presents two grounds for review. We will reverse.

### I.

In his first ground for review appellant contends the Court of Appeals erred by holding the trial judge did not abuse his discretion in limiting his voir dire to 30 minutes. Appellant's attorney conducted his voir dire of the prospective jurors subject to a thirty minute time limit. During the appellant's voir dire, the trial judge informed appellant's attorney when five minutes, and two minutes, remained in the 30 minutes allotted for appellant's voir dire. When the trial court informed the appellant's trial attorney that the time had expired, the following exchange occurred:

[APPELLANT'S ATTY]: At this time I would request more time. I have more important topics of people that have problems with drugs in their immediate family. I have two questions of prior criminal jury experience and I would have a question of police officers that are involved, whether they personally know these police officers, and I have a question of people that have been accused, also, accused by police officers. She did

not go into the question sufficiently enough for me to make a decision on it. THE COURT: Well, I'm sorry. Your request will be denied for any more time. I am going to let you finish this question you are on now.

For the record, I want the record to reflect that the way in which you conducted this voir dire you knew in advance you were going to have a 30–minute limit on this voir dire and there are certain people who have raised their hands who said they could not be fair and impartial jurors and you continued to speak to those people knowing full well that we are going to come up here and talk about their inability and on one occasion, 18, you have gone back to him number 18 and number 18 disqualified whenever I was voir diring and you continued to go back and ask him questions which is a waste of this Court's time on voir dire. So your request is denied.

[APPELLANT'S ATTY]: For the record, I wanted to question these jurors that had a negative experience with police officers and those jurors number 10.

THE COURT: Well, do finish the voir dire. You will be able to talk to anybody you want to try to challenge for cause after we finish the voir dire.

[APPELLANT'S ATTY]: Your Honor, may I?

THE COURT: You will be allowed to finish this question you are on now.

[APPELLANT'S ATTY]: For the record, Judge, that is the question of who had problems with drugs and their immediate family. I can question the rest of the panel.

THE COURT: You can question whoever you were questioning.

On direct appeal, appellant contended the trial judge erroneously imposed an unreasonable time limit of his voir dire.[1] The Court of Appeals addressed the point of error according to the abuse of discretion standard in *Ratliff*, 690 S.W.2d 597, 599–600. *McCarter*, slip op. at 3. Under *Rat-*

*liff*, the appellate court must conduct a three prong test to consider whether the trial judge abused his discretion by imposing a time limitation on voir dire. The reviewing court must determine:

1. whether the party attempted to prolong the voir dire,
2. whether the questions that the party was not permitted to ask were proper voir dire questions, and,
3. whether the party was not permitted to examine prospective jurors who actually served on the jury.

*Ratliff*, 690 S.W.2d at 599–600.

The Court found appellant's attorney prolonged the voir dire "by questioning prospective jurors whom he had questioned earlier and that he made no attempt to ask any of the questions that he ultimately claimed he would have asked when informed of his remaining time." The Court of Appeals also found the record did not reflect appellant's attorney was not permitted to examine any veniremember who actually served on the jury. Slip op. at 3–4. The Court of Appeals concluded the trial court did not abuse its discretion by terminating appellant's voir dire.

## II.

■ This case deals with two competing rights. The first right is the constitutionally guaranteed right to counsel which encompasses the right to question prospective jurors in order to intelligently and effectively exercise peremptory challenges and challenges for cause during the jury selection process. *Naugle v. State*, 40 S.W.2d 92, 94 (Tex.Cr.App.1931). The second right is that of the trial judge to impose reasonable restrictions on the exercise of voir dire examination. *McManus v. State*, 591 S.W.2d 505, 520 (Tex.Cr.App.1979); *Boyd v. State*, 811 S.W.2d 105, 115 (Tex.Cr.App. 1991) (trial judge may impose reasonable time limits for voir dire); *Caldwell v. State*, 818 S.W.2d 790, 793 (Tex.Cr.App. 1991) ("The control of the voir dire exami-

---

1. Specifically, appellant's point of error stated:

The trial judge committed reversible error by imposing unreasonable time limits on appellant's voir dire.

nation is within the sound discretion of the trial judge, and it is well-settled that the trial judge's discretionary authority extends to imposing reasonable limitations on the time for which counsel may question the jury panel.") As we said in *Ratliff v. State*, 690 S.W.2d 597, 599 (Tex.Cr.App. 1985), these two rights "coexist and must be harmonized."

In *Ex parte McKay*, 819 S.W.2d 478, 482 (Tex.Cr.App.1990), we stated:

The constitutionally guaranteed right to counsel encompasses the right to question prospective jurors in order to intelligently and effectually exercise peremptory challenges and challenges for cause during the jury selection process. [citations omitted.] To that end, trial judges should allow defendants much leeway in questioning a jury panel during voir dire. At the same time, however, we have afforded trial courts the ability to control the voir dire process if sound discretion would compel a trial judge nevertheless to restrict the questioning in the interest of conducting an orderly and expeditious trial. See, e.g., *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974) and *McManus v. State*, 591 S.W.2d 505, 520 (Tex.Cr.App.1980) (not abuse of discretion to disallow duplicitous question); *Clark v. State*, 608 S.W.2d 667, 669 (Tex. Cr.App.1980) (trial court can set reasonable time limits); *Abron v. State*, 523 S.W.2d 405, 408 (Tex.Cr.App.1975) (trial court can set reasonable time limits, restrict repetitious or vexatious questions, restrict questions asked in improper form, restrict questions directed at personal habits of jurors). Accordingly, a trial court's decision to limit questioning during voir dire may be reviewed only to determine whether such a restraint amounts to an abuse of discretion. *Smith*, 703 S.W.2d at 643.

In *Woolridge v. State*, 827 S.W.2d 900, 905–06 (Tex.Cr.App.1992), we recognized any proper question has the potential to lengthen the voir dire portion of a trial. However, it is improper for a trial judge to impose restrictions based on the mere possibility that the otherwise proper question might lengthen the process. The trial judge must first allow the question, and may later curtail similar questions if the voir dire process proves to be unduly lengthy. See *Battie* [*v. State*], 551 S.W.2d [401] at 403 [(Tex.Cr.App. 1977)]. Also, trial judges may prohibit an otherwise proper question which substantially repeats others posed by the same party, *Allridge v. State*, 762 S.W.2d 146, 167 (Tex.Cr.App.1988), or when the prospective juror has stated his position clearly, unequivocally, and without reservation. *Phillips v. State*, 701 S.W.2d 875, 889 (Tex.Cr.App.1985).[2]

In *Smith v. State*, 703 S.W.2d 641, 645 (Tex.Cr.App.1985), we held:

... although time constraints on voir dire are a legitimate concern of a trial judge, the paramount concern in a case such as this must be the appellant's freedom to intelligently exercise his peremptory challenges. We cannot improve upon our Presiding Judge's observation:

It is always commendable for a trial court to dispatch business with promptness and expedition, but this salutary result must never be attained at the risk of denying to a party on trial a substantial right.

### III.

In *Ratliff*, we added another consideration to the two prong test announced in *De la Rosa v. State*, 414 S.W.2d 668, 671 (Tex.Cr.App.1967). We distinguish the application of these cases as follows. *De la Rosa* concerned the termination of a voir dire during appellant's collective questioning of the venire. *Id.* at 670. In *Ratliff*, however, the trial judge terminated the voir dire as the defendant attempted to question veniremembers individually. *Ratliff*, 690 S.W.2d at 600. In the instant case, the trial judge terminated the voir dire while appellant's attorney was asking general questions of the venire. Therefore, we will analyze the case under the two prongs of *De la Rosa*.

2. Unless otherwise indicated, all emphasis here-in is supplied by the author.

## A.

The first prong is whether appellant attempted to prolong the voir dire. Before the trial court terminated the voir dire, appellant's attorney asked the venire general questions concerning appellant's expected testimony, law enforcement officers, anti-drug organizations, experiences with African–Americans, the presumption of innocence, the "concept of mere presence," criminal records, victims of crime, and drug addiction. The appellant's attorney received numerous responses from the venire. At the conclusion of the thirty minute limit, appellant's attorney requested additional time to explore the following issues with the venire: problems with drugs in the veniremembers' immediate family, prior criminal jury experience, association/relationship with police officers, and people accused of a crime by a police officer. *See,* Part I., supra.

The State contends appellant's attorney prolonged the voir dire by questioning veniremember eighteen even though the trial judge had indicated he and the attorneys would question the veniremember after the voir dire to determine whether the veniremember was subject to a challenge for cause. During the trial judge's voir dire, veniremember eighteen indicated having a problem with a defendant who may elect not to testify. The trial court stated: "You got a problem with that. We will talk to you about that, *if we need to.*" The State questions the amount of time appellant expended on veniremember eighteen after the trial court disqualified the juror. However, the trial judge's questioning of veniremember eighteen did *not* establish a disqualification. Rather, the judge's remarks indicated merely that the veniremember might be questioned later because of his feelings regarding appellant's election not to testify. However, during appellant's voir dire, the trial attorney told the venire that appellant would testify. Therefore, there was no reason for appellant to believe veniremember eighteen would be subject to a challenge for cause. A statement from a potential juror that he has a problem with the law does not alone provide insight into whether that potential juror can set aside personal feelings and follow the law. To challenge such a veniremember for cause, one must proceed to show that the veniremember has an actual bias or prejudice in favor of, or against, the defendant. Tex.Code Crim.Proc.Ann. art. 35.16(a)(9). Veniremember eighteen's responses did not indicate an actual bias or prejudice against the defendant.

Furthermore, in relation to the entire voir dire, appellant's dealings with veniremember eighteen were minimal. During the thirty minute period, appellant's attorney covered many questions and received responses from many other veniremembers. There were no objections from the State indicating appellant's questions were repetitious or dilatory.

■ The State also contends appellant sought to cover areas previously covered during the judge's or the State's voir dire. This contention is without merit. Defense counsel may not be precluded from the traditional voir dire examination simply because the questions asked are repetitious of those asked by the court and prosecutor. *Mathis v. State,* 576 S.W.2d 835, 839 (Tex. Cr.App.1979). As we held in *Mathis:* "[D]efense counsel must have a fair opportunity to interrogate the prospective jurors so that he may intelligently exercise his right to peremptorily challenge some of them." *Id. Each* party must have the right to question potential jurors in their own individual manner to emphasize a point or uncover a hidden bias and may not be forced to rely on other parties to ask similar questions. *Williams v. State,* 804 S.W.2d 95, 107 (Tex.Cr.App.1991).

## B.

■ The second prong asks whether the questions the party was not permitted to ask were proper voir dire questions. A question is proper if its purpose is to discover a juror's views on an issue applicable to the case. *McKay,* 819 S.W.2d at 482, *and, Nunfio v. State,* 808 S.W.2d 482, 484 (Tex.Cr.App.1991). The trial court must not restrict proper questions which seek to

discover a juror's views on an issue applicable to the case. *Boyd,* 811 S.W.2d at 118.

Appellant's attorney informed the judge of the topics he wanted to cover during his voir dire. *See,* slip op. pg. 2, *and Thomas v. State,* 658 S.W.2d 175, 176 (Tex.Cr.App. 1983). The questions appellant's attorney sought to ask were proper. *See, Clark v. State,* 608 S.W.2d 667, 668–670 (Tex.Cr. App.1980). Furthermore, the State did not contend that appellant was seeking to ask any improper questions. *See, De la Rosa,* 414 S.W.2d at 671.

### C.

■ Having found that appellant's attorney did not attempt to prolong the voir dire and that the questions appellant's attorney sought to ask were proper, we conclude the Court of Appeals erred by holding the trial judge did not abuse his discretion in limiting appellant's voir dire. Should a trial judge determine that either party is prolonging the voir dire, the simple and effective remedy is to call the attorneys to the bench and instruct them to expedite the process.

■ This Court has held that error in the denial of a proper question which prevents the intelligent exercise of one's peremptory challenges constitutes an abuse of discretion and is not subject to a harm analysis under Tex.R.App. P. 81(b)(2). *Nunfio,* 808 S.W.2d at 485. Accordingly, appellant's first ground for review is sustained.

### IV.

■ Appellant's second ground for review contends "[t]he evidence was insufficient to establish that appellant was a party to the delivery of cocaine." We have considered appellant's second ground and find the ground was improvidently granted and is, therefore, dismissed. As is true in every case where discretionary review is dismissed, the dismissal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. *Sheffield v. State,* 650 S.W.2d 813 (Tex.Cr.App. 1983). With this understanding, we dismiss appellant's second ground for review.

The judgment of the Court of Appeals is reversed and the cause is remanded to the trial court.