Kenneth Ivory **GANTHER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–90–00657–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 25, 1993.

Discretionary Review Refused May 19, 1993.

Mark A. Goldberg, Henry L. Burkholder, III, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGH, JJ.

## OPINION ON REMAND

SEARS, Justice.

Appellant was convicted by a jury of robbery. The Court found two enhancement paragraphs true, and assessed punishment at forty-five years confinement. On original submission, this Court held that the trial court did not abuse its discretion in denying Appellant additional time for his voir dire. *Ganther v. State*, No. C14–90–00657–CR, 1991 WL 260398 (Tex.App.— Houston [14th Dist.], delivered December 12, 1991) (not published). Appellant filed a petition for discretionary review and the Court of Criminal Appeals reversed and remanded this cause to our Court for reconsideration in light of *McCarter v. State*, 837 S.W.2d 117 (Tex.Crim.App.1992). Upon further consideration, we have reviewed the record and find that the trial court did not abuse its discretion and affirm the judgment.

Prior to voir dire, Appellant elected to have his punishment assessed by the Court. The trial judge remarked, "It is the Court's intention to give both sides 45 minutes. I don't know that we need that much time, since you are not going to discuss punishment." The State's voir dire lasted from 10:32 a.m. until 11:10 a.m. Appellant's counsel began his voir dire at 11:10 a.m. At 12:00 p.m., 5 minutes over the allotted 45 minutes, the trial court stopped the voir dire. Appellant contends that the trial court abused its discretion in limiting his time.

■ A trial court's decision to limit voir dire questioning is reviewed under an abuse of discretion standard. *McCarter* at 120. Each case is to be examined on its own facts. *Ratliff v. State*, 690 S.W.2d 597, 600 (Tex.Crim.App.1985). "A reasonable time limitation for one case may not be reasonable for another.... The amount of time allotted is not, by itself, conclusive." *Id.*

■ In *McCarter* the Court of Criminal Appeals reviewed a case in which a trial judge terminated the voir dire while Appellant's attorney was asking general questions of the venire. They affirmed after applying the two prong *De La Rosa* test.[1] The first prong of the test is whether the appellant attempted to prolong the voir dire. *McCarter* at 120. An appellant attempts to prolong a voir dire when he asks irrelevant, immaterial or unnecessarily rep-

1. *De La Rosa v. State*, 414 S.W.2d 668 (Tex. Crim.App.1967).

etitious questions. *Ratliff* at 599. The second prong of the test is whether the questions the appellant was not permitted to ask were improper voir dire questions. *McCarter* at 121. If the answer is negative to both prongs of the test, the trial court must be reversed. If either answer is affirmative, the trial court should be affirmed.

■ In this case, Appellant was allowed 50 minutes for his voir dire. His portion of the voir dire extends from page 84 to page 134 in the statement of facts. Therefore, each page represents approximately 1 minute of voir dire questioning. The record reflects that Appellant's voir dire was divided as follows:

| | |
|---|---|
| Presumption of Innocence | 6 minutes |
| Reasonable Doubt | 11 minutes |
| Credibility of Witnesses | 4 minutes |
| Jurisdiction/Venue (Harris County) | 20 minutes |
| Family–Friends in Law Enforcement | 7 minutes |

Appellant's counsel spent twice as much time questioning the venire about whether they could find his client guilty if the State failed to prove that the robbery occurred in Harris County, than he spent on reasonable doubt. The jury was obviously confused and asked many questions. The Court finally interrupted his questioning, noting that "if there were no evidence at all that it happened in Harris County, the jury would never get the case." The Court went on for approximately two minutes explaining to the prospective jurors that they would never have to make that decision. Appellant's counsel then continued the same line of irrelevant questioning for an additional three pages. In total, he spent approximately 20 minutes discussing a matter of law that would never reach the jury. These questions were irrelevant, immaterial, and unnecessarily prolonged the voir dire.

We do find however, that the remaining questions Appellant's counsel contends he desired to ask were proper voir dire questions. When the Court indicated that Appellant's time was up, counsel stated, "I do have one question in reference to identifying the jurors who have been the victims of robberies." The Court again stated "your time is up." Appellant's counsel then made a bill of exceptions. In the bill he indicated that he would have questioned the jurors "in the area of whether or not they had been the victim of any violent offenses or offenses such as a robbery." Further, he would have questioned the jurors to find out if any had been victims, which would have had an impact on their ability to be a fair and impartial juror.

We find that Appellant's counsel would have had ample time to ask the desired questions had he not wasted 20 minutes asking the jury irrelevant, jurisdictional questions. Therefore, applying the two prong test, we find that the Court did not abuse its discretion in denying the appellant further voir dire time.

The judgment is affirmed.