# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
February 15, 2002 Session

## NASHVILLE SASH & DOOR, INC. v.
## TRISTAR BUILDERS, INC., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 99C-1967     Walter C. Kurtz,  Circuit Judge**
\

---

**No. M2001-01160-COA-R3-CV - Filed June 5, 2002**

---

In this case Nashville Sash and Door, Inc. sued Tristar Builders, Inc. and its two stockholders, Robert J. Ivy and Richard L. Cammeron on a debt arising from credit extended under an application of credit. At the conclusion of the plaintiff's proof the trial judge granted the defendants motion under Rule 41 of the Tennessee Rules of Civil Procedure and dismissed the complaint.  Nashville Sash and Door, Inc. has appealed that decision.  We affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

JEFFREY F. STEWART, SP. J., delivered the opinion of the court, in which WILLIAM B.CAIN, J. and BEN H. CANTRELL, P.J., M.S., joined.

Melissa Blackburn, Nashville, Tennessee, for the appellant, Nashville Sash and Door Co.

Bob Lynch, Jr., Nashville, Tennessee, for the appellee, Richard L. Cameron.

## OPINION

### I. HISTORY OF THE CASE

On July 16, 1999 the appellant, Nashville Sash and Door Co., Inc., filed a complaint in the Circuit Court of Davidson County against Tristar Builders, Inc., Robert J. Ivey, and Richard L. Cammeron.  On August 10, 1999 the appellant amended its complaint in the Circuit Court of Davidson County.  Neither Tristar Builders nor Robert J. Ivey answered the complaint and the trial court entered a default judgment against these defendants for the benefit of the appellant. Richard L. Cammeron, the appellee, answered the complaint and raised numerous defenses including the defense he executed the application for credit in his corporate rather than in his individual capacity.

1

The complaint against the appellee was based entirely on his signature to an application for credit on behalf of Tristar Builders, Inc.

The trial of this case took place on April 10, 2001 before the Honorable Walter C. Kurtz, Circuit Judge for the Eighth Circuit Court of Davidson, County, Tennessee. The appellant called as its only witness Mr. Bill Wright. Mr. Wright was the credit manager for the appellant at the time of trial. As a result of Mr. Wright's testimony, the credit application in question was introduced into evidence as well as a statement of charges claimed to be owed by the appellee. At the conclusion of the appellants proof, the appellee moved for an involuntary dismissal of the appellants case pursuant to Rule 41.02 of the Tenn.R.Civ.P. In arguing the motion, the attorney for the appellee asked the court to consider the whole document in determining whether the appellee signed in an individual or corporate capacity. There was no other proof presented to the court.

At the conclusion of the proof and upon the motion made by the appellee the court made the following ruling:

> "I think a fair reading of this contract from the top to the bottom, reading it all
> the way through, especially when you consider this "I ,we" language that is used
> in the very first paragraph, indicating the person signing or applying on behalf
> of the corporation or the applicant is "I,we" language "I,we" it appears again in
> the final paragraph, I think on a motion for involuntary dismissal there is no
> inference in favor of the plaintiff, unlike in a jury trial, that a fair reading of this
> document is that Mr. Cammeron did not sign as a personal guarantor of the
> corporate debt."

## II. THE ISSUE

The appellant has asked this court to reverse the trial judge because it believes the trial judge improperly considered parol evidence in determining the appellee signed the application for credit in an individual or corporate capacity.

## III. STATEMENT OF LAW

The parol evidence rule is generally a rule applied to the admissibility of evidence that contradicts or supplements written agreements. This court is of the opinion the parol evidence rule has no application to this case. There was no evidence presented at trial other than the evidence of the appellant and the only reference to matters that may have been considered by the trial court in deciding the case as cited by the appellant were statements made in argument by appellee's counsel. Statements of attorneys made in argument are not considered evidence.

The issue which the appellant appears to argue, after careful reading of the briefs submitted, seems to be whether the court properly construed the application for credit in ruling for the appellee.

2

"The cardinal rule for interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention consistent with legal principles." *Rainey v. Stansell*, 837 S.W.2d, 117, 118, (Tenn. Ct. App.1992). "The court will look to the material contained in the four corners of the instrument to ascertain its meaning as an expression of the parties' intent." *Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W.2d 578, 580 (Tenn. 1975). "The words of the contract should give their usual, natural and ordinary meaning." *St. Paul Surplus Lines Ins. Co. v. Bishops Gate Ins. Co.*, 725 S.W.2d 948, 951 (Tenn. Ct. App. 1986). "All provisions of a contract should be construed as in harmony with each other if such construction can be reasonably made, so to avoid repugnancy between the several provisions of a single contract." Id. The court must also determine whether the contract is clear or ambiguous. In determining whether a contract is clear or ambiguous the court must consider the language in dispute in the context of the entire agreement. *Cocke County Bd. of Highway Commrs. v. Newports Utils Bd.*, 690 S.W.2d 231, 237 (Tenn. 1986). The court will find a contract ambiguous when its meaning is uncertain and when it can be fairly construed in more than one way. *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn. 1975). The court will not apply a strained construction on the language to find ambiguity where none exists."Id.

After considering the testimony of the only witness presented at trial, the court then read the entire credit application agreement, which is the basis of the litigation, and determined that a fair reading of the contract gave a clear indication that the appellee did not sign the agreement as a personal guarantor of the corporate debt. "If the language is plain and unambiguous the meaning thereof is a question of law and it is the court's function to interpret the contract as written according to its plain terms." *Petty v. Sloan,* 197 Tenn., 630, 277 S.W.2d 355 (1955); *Jackson v. Miller,* 776 S.W.2d, 115 (Tenn. Ct. App. 1989). The trial court then granted the appellee's motion for involuntary dismissal under 41.02 TRCP.

We have considered the evidence and the arguments of counsel and agree with the ruling of the trial judge. Therefore, the order of the trial judge is affirmed. This cause is remanded to the Eighth Circuit Court of Davidson County for further proceedings consistent with this opinion and we tax the cost of this appeal to the Appellant, Nashville Sash & Door, Inc.

_____
JEFFREY F. STEWART, SPECIAL JUDGE