Affirmed and Opinion filed June 22, 2004









Affirmed and Opinion filed June 22, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01113-CR

____________

 

BALJINDER
SINGH DHILLON, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

_______________________________________________________

 

On Appeal from the County Criminal Court at Law No. 5

Harris County, Texas

Trial Court Cause No. 1109258

 

_______________________________________________________

 

O P I N I O N

In this case, we review the trial
court=s
imposition of a fifteen-minute time limitation per side for voir dire.  A jury convicted appellant, Baljinder Singh
Dhillon, of driving while intoxicated (ADWI@) and
assessed punishment at 180 days=
confinement.  In one issue, appellant
contends the trial court erred in refusing his request for additional time for
voir dire.  We affirm.  








I.  Factual Background

On April 3, 2002, appellant was
stopped by a City of South Houston police officer for speeding.  After failing to successfully complete
various field sobriety tests, appellant was placed under arrest.  Appellant pleaded not guilty to the
misdemeanor charge of DWI and was tried before a jury.

Prior to the venire members entering
the courtroom, the trial judge informed the parties that voir dire would be
limited to fifteen minutes per side. 
Appellant=s counsel requested more time, asserting that appellant=s constitutional rights were
implicated and he was subject to significant time in jail.  The trial court denied the request and the
following exchange occurred:

Mr. Kingsbury [defense counsel]:  Your honor, at this time I will make a Bill
of Exception at the time, you know, if you cut me off at the 15 minutes.  I=m just
letting you know.

The Court: 
Okay. Well, I will cut you off at 15 minutes.  So if you want to make your Bill of
Exceptions, excuse me, you have two choices. 
You can present in written form all the questions you would have asked,
mark them as an exhibit, give them to the clerk and they=ll be part of the file. Or after, you know, the jury
goes to lunch or whatever you can stand with the court reporter, stay with the
court reporter and read into the record every question that you want.








At the commencement of voir dire, the
judge introduced the lawyers and asked some preliminary questions of the panel.[1]  The judge allowed both sides to question
those venire members responding to her questions and three prospective jurors
were excused.  The remaining panel
members then stood, individually, and stated their names and occupations.  Following this, the judge informed the panel
that each side had fifteen minutes to conduct their voir dire. 

After the State questioned the panel
for fifteen minutes, the judge questioned them regarding appellant=s right to remain silent and advised
the panel that they should not be influenced by a witness=s occupation in assessing their
credibility, including a police officer=s credibility.  Appellant=s counsel then began his voir
dire.  After fifteen minutes elapsed, the
judge stopped him from asking any further questions.  Appellant=s counsel did not request more time
to conduct his voir dire, nor did he state any questions he was prevented from
asking the panel.  

Following his voir dire, appellant=s counsel requested several venire
members be stricken for cause and again, stated that he had more Aissues@ to address and needed a longer
period of time to question the venire. 
After denying counsel=s request and reiterating his options for submitting the
proposed questions, the trial court brought the challenged panel members before
the bench individually and allowed counsel to question them. Appellant=s counsel asserted a challenge for
cause against each of these panel members. 
The court granted three of those challenges and then informed counsel
they could exercise their peremptory strikes. 
The following exchange then occurred:

Mr. Kingsbury [Defense counsel]:  Your honor, for the record I just want to
make it clear I still have some questions to ask.

The Court:  Mr.
Kingsbury, this is the third time we=ve been
over that.

Mr. Kingsbury: 
I want to make it clear.

The Court: 
Third time.  Okay.  

 








Once a panel of six jurors[2]
had been selected, appellant=s counsel approached the bench and informed the judge that
three jurors, Blanca Soto, Ruben Perez, and Christine Pastorek, would have been
dismissed if he had been allowed opportunity to ask more questions; at that
point, he advised the trial court of the additional questions he would have
posed to those jurors.  The judge denied
counsel=s motion.  

Prior to swearing the jury in,
appellant=s counsel stated he was accepting the
jury with the stipulation he was relying on his Aprevious objection.@ 
The jury was sworn and the remaining panel members were dismissed.  Just before opening arguments, appellant=s counsel dictated his bill of
exceptions to the court reporter, listing topics and questions he would have
posed to the entire panel and to specific jurors.  

II.  Discussion

In
appellant=s sole issue, he argues the trial
court erred in unreasonably restricting the amount of time to conduct voir
dire, particularly because he was unable to question the panel members on the
issue of punishment.  Further, he asserts
that voir dire was erroneously restricted to the extent he was unable to
intelligently exercise his peremptory challenges.  

A.  Standard of Review








The purposes of voir dire are to: (1)
develop rapport between the officers of the court and the jurors; (2) expose
juror bias or interest warranting a challenge for cause; and (3) elicit
information necessary to intelligently use peremptory challenges.  S.D.G. v. State, 936 S.W.2d 371, 380
(Tex. App.CHouston [14th Dist.] 1996, pet. denied).  A trial court may impose reasonable
restrictions on the exercise of voir dire examination, including reasonable
limits on the amount of time each party can question the jury panel.  Caldwell v. State, 818 S.W.2d 790, 793
(Tex. Crim. App. 1991), overruled on other grounds by Castillo v. State,
913 S.W.2d 529 (Tex. Crim. App. 1995); Ratliff v. State, 690 S.W.2d 597,
597 (Tex. Crim. App. 1985).  AA reasonable time limitation for one
case may not be reasonable for another@ and each case must be examined on
its own facts.  Ganther v. State,
848 S.W.2d 881, 882 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d) (quoting Ratliff, 690
S.W.2d at 600)).  The amount of
time allotted is not, alone, conclusive. 
Id.  However, a trial judge
may not restrict proper questions that seek to discover a juror=s views on issues relevant to the
case.  McCarter v. State, 837
S.W.2d 117, 121B22 (Tex. Crim. App. 1992). 
Absent an abuse of discretion, we will not reverse the trial court=s refusal to allow defense counsel
additional time on voir dire.  Id. at
119; Caldwell, 818 S.W.2d at 793. 


When a party complains of an
inability to collectively question the venire, a two-part test applies: (1)
whether the complaining party attempted to prolong the voir dire;[3]
and (2) whether the questions the party was not permitted to ask were proper
voir dire questions.  See McCarter,
837 S.W.2d at 120; S.D.G., 936 S.W.2d at 380.  In addition, when a party=s voir dire is terminated as he
attempts to question venire members individually, we must consider a third
factor: whether the party was prevented from examining a prospective juror who
actually served on the jury.  McCarter,
837 S.W.2d at 119; Ratliff, 690 S.W.2d at 600. 








Here,
appellant=s voir dire was terminated while
his counsel was asking general questions of the panel.  Further, the fifteen-minute restriction
applied to the voir dire of the entire panel; counsel was allowed the opportunity to
individually question panel members before the bench following the voir dire,
and the record does not reflect that appellant=s questioning before the bench was
unreasonably restricted nor does appellant argue that it was.  In addition, on appeal and in the
trial court, appellant=s
complaint regarding the voir dire is that he was not allowed time to adequately
question the entire panel.[4]  Therefore, we apply the two-part test set
forth above.[5]  See, e.g., McCarter, 837 S.W.2d
at 120 (finding the two-prong test applicable under similar factual
circumstances).  The State concedes that
appellant=s counsel did not attempt to
prolong voir dire and consequently, only the second prong is relevant in this
appeal.

B.  Error Preservation

Initially,
we must examine the State=s
argument that appellant failed to preserve error because: (1) the questions
proffered by appellant prior to the jurors being sworn and the venire being
excused only Avaguely referred to subject
matter areas@ about which he would liked to
have asked; and (2) appellant=s bill of
exceptions was untimely because it was made after the jury was sworn and the
remaining prospective jurors were excused. 

1.  Questions to Jurors Soto, Pastorek, and
Perez  

The State=s first
assertion is in reference to those questions which appellant=s counsel
stated he would have asked jurors Soto, Perez, and Pastorek had he more voir
dire time.  Specifically, counsel stated
Soto would have been dismissed if he had been able to Atalk
about aggressive drunk driving and those people showed that sign [sic].@  Regarding Perez, appellant=s counsel
stated he wished to question him concerning Athe fact
that he does not believe that he shouldn=t drink
and drive, get behind the wheel and drink and drive,@ and as
to Pastorek, appellant=s counsel
stated he needed to question her further Awith
regards to her thoughts on alcohol and its effect on the system.@ 








To
preserve error regarding the manner of voir dire, the record must reflect a
proper question which the trial court has not allowed to be answered.[6]  See S.D.G., 936 S.W.2d at 380.  A question that is so vague or broad as to
constitute a global fishing expedition is not proper, and fails to preserve
error because it is impossible for a reviewing court to determine if the question
is relevant and properly phrased.  Caldwell,
818 S.W.2d at 794; S.D.G., 936 S.W.2d at 380. 

Here, the
proposed question to Soto was vague and overly broad.  The question, as stated by counsel, presents
only a general topic for discussion, indicating counsel merely wanted to Atalk
about aggressive drunk driving.@  The question is not narrowly tailored in
scope and could contain proper and improper inquiries.  See Barajas v. State, 93 S.W.3d 36, 40B41 (Tex.
Crim. App. 2003); Smith v. State, 703 S.W.2d 641, 645 (Tex. Crim. App.
1985); Godine v. State, 874 S.W.2d 197, 200B01 (Tex.
App.CHouston
[14th Dist.] 1994, no pet.) (stating a trial court should not have to weed out
valid subject matters from broad topic descriptions nor Aanticipate
the form in which a specific question emanating from a topic will be asked@).  Thus, appellant failed to preserve this
question for our review.

Likewise,
the proposed question to Pastorek is similarly vague in that it seeks to
ascertain Pastorek=s Athoughts@ on
alcohol and its effects on the system.  See
Boyd v. State, 811 S.W.2d 105, 119 (Tex. Crim. App. 1991) (finding a
question concerning a venire member=s
thoughts was a fishing expedition). 
Questions pertaining to thoughts are open ended and could contain a wide
range of specific questions, both proper and improper.  See Caldwell, 818 S.W.2d at 794.  Therefore, appellant also failed to preserve
this question for our review.








Concerning
the proposed question to Perez, an initial question propounded to the venire
was, AHow many
of you in this group . . . believe that you shouldn=t drink
and drive?@ 
The record reflects that five panel members responded affirmatively, one
of whom was Perez.  Perez advised counsel
he could not make that kind of judgment unless he knew how much alcohol was
consumed and over what period of time. 
Appellant=s counsel
then moved on, questioning the other jurors who had responded affirmatively to
the question.[7]  After some additional questioning of the
venire, the court asked appellant=s counsel
if he had any challenges for cause and counsel gave the names of five jurors,
four of whom had indicated they believed that driving after consuming any
amount of alcohol was wrong.  Counsel did
not submit Perez=s name at
that time.  However, after Perez was
seated as a juror, appellant=s counsel
advised the court he believed Perez would have been dismissed for cause if he
could have questioned him further, stating Perez believed that Ahe
shouldn=t drink
and drive, get behind the wheel and drink and drive.@  

Like
those proposed questions to Soto and Pastorek, the proposed question to Perez,
if it can be construed as such, is merely a general topic concerning drinking
and driving.  See Caldwell, 818
S.W.2d at 794; Godine, 874 S.W.2d at 200B01.  Moreover, if appellant had wanted to question
Perez further on this issue, as he did the other four jurors, he could have
submitted Perez=s name
when the court asked for any challenges for cause.  Because appellant did not offer Perez=s name at
that time, he failed to properly alert the court to his concern about Perez,
waiving the issue for review.  See
generally Loredo v. State, No. 1075-03, 2004 WL 743833, at *1B3 (Tex.
Crim. App. Apr. 7, 2004) (stating attorney=s silence
in failing to call an individual juror into chambers for examination and
correcting a judge=s
misunderstanding failed to preserve error because the trial court was not made
aware of complaint at a time and manner where it could be corrected). 








Even
assuming appellant preserved these questions for our review, a trial court does
not abuse its discretion in limiting voir dire if the questions sought to be
asked were improper.  Tobar v. State,
874 S.W.2d 87, 91 (Tex. App.CCorpus
Christi 1994, pet. ref=d)
(citing McCarter, 837 S.W.2d at 120B21).  Here, because the proposed questions were
vague and overly broad, they were improper and the trial court was within its
discretion to deny counsel=s request
to ask these questions.  See, e.g.,
Boyd, 811 S.W.2d at 119 (finding trial court did not abuse discretion in
disallowing vague and irrelevant question); Smith, 703 S.W.2d at 645
(upholding trial court=s denial
of voir dire question concerning jurors Athoughts@ on an
issue); Godine, 874 S.W.2d at 201 (finding overly broad questions were
improper).  Finally, the proposed
question to Perez would have been of little assistance to counsel because Perez
already had responded to the question.  See
Godine, 874 S.W.2d at 201. 

2.  Timeliness of Bill of Exceptions

The State
also argues that the questions set forth in appellant=s bill of
exceptions were not preserved for review because the bill was untimely, being
made at a point in the proceedings where the trial court could not have
rectified any alleged error.  We
agree.  

As
previously stated, to preserve error concerning the manner of voir dire, the
record must reflect a proper question which the trial court has not allowed to
be answered.  See S.D.G., 936
S.W.2d at 380.  Further, an appellant
must make the trial court aware of any objections or complaints at a time when
there is an opportunity to cure or respond to the complaints.  See Loredo, 2004 WL 743833, *2B 3.

In this
case, although appellant=s counsel
stated his objection to the restricted voir dire on several occasions, he
failed to offer, with any specificity, any questions he was prohibited from
asking (other than those questions we previously addressed).  Indeed, at the point when appellant=s counsel
initially objected to the restricted voir dire, it was unclear whether he
would, in fact, be prohibited from asking any questions.  Although the trial court was aware appellant
was objecting to the time restriction, it was not apparent that any error had
yet occurred.  








Following
his questioning of the panel, appellant=s counsel
failed to request additional time to conduct voir dire and failed to make a
record of any questions which he was prohibited from asking.  Instead, counsel made only a generalized
objection stating:  AWe still
have many issues that we didn=t get the
chance to address and that=s why we
needed a longer period of time.  My
client=s
constitutional rights are implicated here.@  This broad statement fails to properly inform
the court of the questions appellant was not allowed to ask.  See, e.g., Caldwell, 818 S.W.2d
at 794 (A[T]here
must be a question before there can be a proper question.@); S.D.G.,
936 S.W.2d at 380 (finding that recitation of general topics failed to preserve
error); Godine, 874 S.W.2d at 201 (noting that to preserve error
regarding voir dire, specific questions must be presented to the trial
court).  

Finally,
this is not a case in which the appellant was denied the right to make his bill
of exceptions.  See Spence v. State,
758 S.W.2d 597, 599 (Tex. Crim. App. 1988). 
Here, when appellant=s counsel
advised the trial court he would make his bill following voir dire, the court
advised counsel of his options for making the bill: (1) submitting the proposed
questions in written form; or (2) dictating the questions to the court
reporter.  Appellant=s counsel
did not submit the proposed written questions nor insist upon the opportunity
to make his bill in a timely manner.  The
burden to preserve error rests on the appellant.  See Tex.
R. App. P. 33.1(a).  Appellant had the burden to submit the
written questions or otherwise request the questions be preserved in the record
in a timely manner.  In this case,
appellant=s bill of exceptions was made
after the six-member panel of jurors had been sworn in and the venire members
not chosen had been released. 
Consequently, there was nothing the trial court could have done at that
point to remedy the alleged error.  See
S.D.G., 936 S.W.2d at 380B81.  In sum, appellant=s bill of
exception was untimely and failed to preserve error, and accordingly, we
overrule appellant=s
issue.  See S.D.G., 936 S.W.2d at
381. 








Our
holding in this case; however, should not be construed as a blanket affirmation
of fifteen-minute time limitations on voir dire.  A reasonable time limitation for one case may
not be reasonable for another.  Ganther,
848 S.W.2d at 882.  When objecting to a
voir dire limitation, it is the attorney=s burden
to preserve error by informing the trial court of the questions he or she was
not permitted to ask, at a time when the court can act to rectify any
error.  Because we find appellant failed
to preserve error regarding his objection to voir dire, we overrule appellant=s points
and affirm the trial court=s
judgment.  

 

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Opinion filed June 22, 2004.

Panel
consists of Justices Edelman, Frost, and Guzman.

Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  The judge
asked the panel the following questions: (1) were they registered to vote; (2)
had any one been convicted of a theft or felony; (3) was anyone under
indictment or legal accusation for theft or any felony; (4) whether anyone had
been arrested; (5) whether anyone had any experience with a DWI; (6) whether
they could read and understand the English language; and (7) if there was
anything anyone wanted to share with the court privately.





[2]  These jurors
were: No. 2, Felecia Chaney; Juror No. 4, Mindy Hernandez; No. 5, Blanca Soto;
No. 6, Christine Pastorek; No. 8, Susan Molitor; and No 10, Ruben Perez. 





[3]  A party
attempts to prolong the voir dire when he asks irrelevant, immaterial, or
repetitious questions.  Ganther,
848 S.W.2d at 882B83.   





[4]  Specifically,
appellant=s issue on appeal is: AWhether
the trial court erred in refusing to allow defense counsel the opportunity to
question the entire panel on punishment and other issues.@  





[5]  Relying on Ratliff, the
State asserts in its brief that the three-prong test applies,.  See Ratliff, 690 S.W.2d at 600.  The State also asserts that because appellant
failed to address the third-prong, no abuse of discretion is shown.  However, we apply the two-part test in this
case relying on McCarter, a case involving similar facts surrounding
voir dire, and on appellant=s assertions in the trial court and on appeal.  Moreover, even if we were to assume the third
prong applied in this case, because appellant does not address it we would
conclude that he had questioned all jurors seated, failing to meet that
prong.  Nevertheless, appellant still
must meet the first two prongs of the test. 
See McCarter, 837 S.W.2d at 120.    





[6]  In addition,
to preserve error under these circumstances, a party must obtain a ruling on
the question.  See Caldwell, 818
S.W.2d at 794; Godine, 874 S.W.2d at 201.  Here, the court denied appellant=s request to ask these questions.    





[7]  Subsequently, appellant=s counsel asked the jurors
responding to the question to raise their hands again; counsel then asked, AAll five of you . . . believe that
if you hear evidence in this case that my client had any alcohol in his system,
that you would find him guilty just because of the fact that he had alcohol in
his system whatsoever?@  Perez responded, ALike I said, it depends on just how
he consumed it.@