NO. 07-03-0214-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 29, 2004


______________________________



BRYAN KEITH KITCHEN, 


 

 Appellant


v.



THE STATE OF TEXAS



 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF MONTGOMERY COUNTY;



NO. 02-177,298-02; HON. JERRY WINFREE, PRESIDING


_______________________________



Memorandum Opinion


_______________________________


Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Through one issue, appellant Bryan Keith Kitchen appeals his conviction for driving 
while intoxicated. He contends that the trial court erred in denying him permission to pose
one additional question to the potential jurors during voir dire. We affirm the judgment of
the trial court.

 The pertinent standard of review is one of abused discretion. McCarter v. State, 837
S.W.2d 117, 120 (Tex. Crim. App. 1992). That is, a trial court has the discretion to set
reasonable time limits on voir dire. Boyd v. State, 811 S.W.2d 105, 116 (Tex. Crim. App.
1991), cert. denied, 502 U.S. 971, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991). And, only when
that discretion is abused can we interfere with the decision.

 Here, the trial court informed both the State and appellant that they each had 35
minutes to conduct their voir dire. After counsel for appellant began his and 30 minutes
expired, he was informed by the court that only five minutes were left. When that five
minute period lapsed, appellant's counsel asked for leave to ask one more question of the
venire. (1) The question consisted of asking "whether or not this smell of alcohol in and of
itself is an indication of intoxication in the jurors' opinion." The trial court refused to grant
him additional time to pose it, however. 

 Whether a potential juror would deem the smell of alcohol alone as indicative of
intoxication is a commitment question. This is so because it, in effect, seeks to discover
how he would resolve an issue based upon one or more facts contained in the question. 
See Standefer v. State, 59 S.W.3d 177, 180 (Tex. Crim. App. 2001) (stating that "a
question is a commitment question if one or more of the possible answers is that the
prospective juror would resolve or refrain from resolving an issue in the case on the basis
of one or more facts contained in the question"). Simply put, through the question before
us, the panel was being asked to determine whether or not the smell of alcohol would
indicate that appellant was drunk. And, that is a commitment question since it seeks to
determine how a potential juror would resolve an issue (i.e. appellant's intoxication) in the
presence of a particular fact (i.e. the smell of alcohol). 

 In concept, the question posed by appellant's counsel is no different than asking a
venire member whether he considers a particular type of evidence to be mitigating. Both
involve a juror disclosing the impact particular facts would have on his consideration of
particular issues. So, because a litigant seeks a commitment when asking a venire about
what facts it would consider to be mitigating evidence, Standefer v. State, 59 S.W.3d at
181 (so holding), he too is seeking a commitment when asking about whether a particular
fact suggests intoxication. 

 Next, jurors could very well consider the smell of alcohol on a person as an
indication that the person was intoxicated. See e.g., Owens v. State, 135 S.W.3d 302, 306
(Tex. App.-Houston [14th Dist.] 2004, no pet.) (citing the smell of alcohol on the appellant
as an indicia of intoxication). Since they can, the question is not one that would lead to a
valid challenge for cause. See Standefer v. State, 59 S.W.3d at 183 (stating that because
a jury may consider the refusal to take a breath test as evidence of guilt the question
"would you presume someone guilty if he or she refused a breath test on their refusal
alone" was not one that would lead to a valid challenge for cause). 

 In view of the foregoing, we hold that the question appellant sought to ask the venire
at bar was an impermissible commitment question. See Standefer v. State, supra (defining
an impermissible commitment question as a commitment question that does not lead to
a valid challenge for cause). Being impermissible, it was not one that appellant's trial
counsel could ask the venire. And, being of that ilk, the trial court did not abuse its
discretion in refusing to allot appellant more time to ask it during voir dire. See McCarter
v. State, 837 S.W.2d at 119 (stating that whether the trial court abused its discretion in
refusing a litigant permission to ask a question during venire is dependent upon whether
the litigant was attempting to prolong voir dire and whether the question was a permissible
one to ask). 

 Accordingly, we affirm the judgment of the trial court.


 Brian Quinn 

 Justice 


Do not publish. 
1. Some have said that in the vernacular of an attorney, one question does not necessarily mean one
question.