NO. 07-03-0214-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 29, 2004

_____

BRYAN KEITH KITCHEN,

Appellant

v.

THE STATE OF TEXAS

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF MONTGOMERY COUNTY;

NO. 02-177,298-02; HON. JERRY WINFREE, PRESIDING

_____

***Memorandum Opinion***

_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Through one issue, appellant Bryan Keith Kitchen appeals his conviction for driving while intoxicated. He contends that the trial court erred in denying him permission to pose one additional question to the potential jurors during voir dire. We affirm the judgment of the trial court.

The pertinent standard of review is one of abused discretion. *McCarter v. State,* 837 S.W.2d 117, 120 (Tex. Crim. App. 1992). That is, a trial court has the discretion to set

reasonable time limits on voir dire. *Boyd v. State,* 811 S.W.2d 105, 116 (Tex. Crim. App. 1991), *cert. denied,* 502 U.S. 971, 112 S.Ct. 448, 116 L.Ed.2d 466 (1991). And, only when that discretion is abused can we interfere with the decision.

Here, the trial court informed both the State and appellant that they each had 35 minutes to conduct their voir dire. After counsel for appellant began his and 30 minutes expired, he was informed by the court that only five minutes were left. When that five minute period lapsed, appellant's counsel asked for leave to ask one more question of the venire.[1] The question consisted of asking "whether or not this smell of alcohol in and of itself is an indication of intoxication in the jurors' opinion." The trial court refused to grant him additional time to pose it, however.

Whether a potential juror would deem the smell of alcohol alone as indicative of intoxication is a commitment question. This is so because it, in effect, seeks to discover how he would resolve an issue based upon one or more facts contained in the question. *See Standefer v. State,* 59 S.W.3d 177, 180 (Tex. Crim. App. 2001) (stating that "a question is a commitment question if one or more of the possible answers is that the prospective juror would resolve or refrain from resolving an issue in the case on the basis of one or more facts contained in the question"). Simply put, through the question before us, the panel was being asked to determine whether or not the smell of alcohol would indicate that appellant was drunk. And, that is a commitment question since it seeks to determine how a potential juror would resolve an issue (*i.e.* appellant's intoxication) in the presence of a particular fact (*i.e.* the smell of alcohol).

---

[1] Some have said that in the vernacular of an attorney, one question does not necessarily mean one question.

In concept, the question posed by appellant's counsel is no different than asking a venire member whether he considers a particular type of evidence to be mitigating. Both involve a juror disclosing the impact particular facts would have on his consideration of particular issues. So, because a litigant seeks a commitment when asking a venire about what facts it would consider to be mitigating evidence, *Standefer v. State*, 59 S.W.3d at 181 (so holding), he too is seeking a commitment when asking about whether a particular fact suggests intoxication.

Next, jurors could very well consider the smell of alcohol on a person as an indication that the person was intoxicated. *See e.g., Owens v. State*, 135 S.W.3d 302, 306 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (citing the smell of alcohol on the appellant as an indicia of intoxication). Since they can, the question is not one that would lead to a valid challenge for cause. *See Standefer v. State*, 59 S.W.3d at 183 (stating that because a jury may consider the refusal to take a breath test as evidence of guilt the question "would you presume someone guilty if he or she refused a breath test on their refusal alone" was not one that would lead to a valid challenge for cause).

In view of the foregoing, we hold that the question appellant sought to ask the venire at bar was an impermissible commitment question. *See Standefer v. State*, *supra* (defining an impermissible commitment question as a commitment question that does not lead to a valid challenge for cause). Being impermissible, it was not one that appellant's trial counsel could ask the venire. And, being of that ilk, the trial court did not abuse its discretion in refusing to allot appellant more time to ask it during voir dire. *See McCarter v. State,* 837 S.W.2d at 119 (stating that whether the trial court abused its discretion in

3

refusing a litigant permission to ask a question during venire is dependent upon whether the litigant was attempting to prolong voir dire and whether the question was a permissible one to ask).

Accordingly, we affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.

4