COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JOSE ARREDONDO, | § | No. 08-08-00226-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Criminal District Court No. One |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20060D02290) |
| | § | |

**O P I N I O N**

A jury convicted Jose Arredondo of delivery of cocaine of less than one gram. On appeal, Appellant asserts in a single issue that the trial court improperly restricted the length of voir dire. We affirm.

**BACKGROUND**

Because the facts are well known to the parties, we will only recite an abbreviated version. Detective Vega testified that on August 19, 2005, and August 31, 2005, he, working undercover, purchased $20 worth of cocaine from Appellant. At trial, the detective identified Appellant as the one he purchased cocaine from. Appellant, however, testified that he never sold any cocaine to the detective and implied that the dealer must have been his roommate who looked exactly like him.

The jury acquitted Appellant of the offense occurring on August 19, 2005, but convicted him of the offense dated August 31, 2005. To alleviate the need for a punishment hearing, the parties agreed that Appellant would be sentenced to two years state jail, probated for four years. The court assessed Appellant's sentence accordingly.

**ANALYSIS**

In his sole point of error, Appellant contends the trial court abused its discretion by denying counsel's request for an extension of time to question prospective jurors. According to Appellant, counsel needed additional time to question the panel on: (1) whether they could consider the minimum punishment or recommend probation; (2) whether any of the prospective jurors or their family members had a negative experience with cocaine or other drugs, and if so, whether that experience would cause them to be biased; (3) whether they knew anybody in law enforcement, and if so, whether that would affect their ability to be fair; (4) whether they would automatically believe law-enforcement officers; (5) whether any of the prospective jurors, including their family members or friends, had some bad experience because they were either accused of a crime or were a victim of crime, and if so, whether they could remain impartial; and (6) the specifics facts of the crimes that some prospective jurors were victims of. The State responds that the denial was proper because counsel prolonged voir dire.

The trial court has discretion to impose reasonable limits on the length of voir dire. *Caldwell v. State*, 818 S.W.2d 790, 793 (Tex. Crim. App. 1991), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529, 534 (Tex. Crim. App. 1995). The trial court's decision to limit voir dire is reviewed for an abuse of discretion. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). To establish that the trial court abused its discretion, the complaining party must show that: (1) counsel did not attempt to prolong voir dire; and (2) the questions not permitted were proper voir dire questions. *See Ratliff v. State*, 690 S.W.2d 597, 600 (Tex. Crim. App. 1985); *McCarter v. State,* 837 S.W.2d 117, 119 (Tex. Crim. App. 1992); *De La Rosa v. State*, 414 S.W.2d 668, 671 (Tex. Crim. App. 1967).

In deciding whether counsel attempted to prolong voir dire, we review the record to see if the questions counsel posed were "irrelevant, immaterial or unnecessarily repetitious." *Ratliff*, 690

S.W.2d at 599; *Tamez v. State*, 27 S.W.3d 668, 672 (Tex. App.–Waco 2000, pet. ref'd); *Splawn v. State*, 949 S.W.2d 867, 871-72 (Tex. App.–Dallas 1997, no pet.). We note that counsel has a duty to reasonably budget his time. *Barrett v. State*, 516 S.W.2d 181, 182 (Tex. Crim. App. 1974). Counsel attempts to prolong voir dire where he asks repetitious questions. *See Ratliff*, 690 S.W.2d at 599. Though counsel may not be precluded from repeating questions asked by the court and prosecutor, he can be precluded where the prospective juror has clearly, unequivocally, and without reservation stated his position. *McCarter*, 837 S.W.2d at 120, 121. Further, a trial judge may prohibit questions that substantially repeat others posed by the same party. *Id*. at 120.

Here, the record contains sufficient information to support the conclusion that counsel did in fact attempt to prolong voir dire. Both sides were granted 40 minutes to examine the panel, and the jurors had previously completed a written questionnaire. The State was able to discuss and ask questions on a wide array of topics during its 40-minute time period, including the jurors' need to be honest in their answers, the different types of evidence, the manner of proof, the elements of the offense, the State's and defendant's burdens, the defendant's presumption of innocence and his right not to testify, automatic dispositions towards officers, any biases based on personal experiences with drug arrests, and consideration of the entire range of punishment.

Instead of covering new topics or following up with a few questions on the topics already covered by the State, trial court, or written questionnaires, counsel spent half of his time on the fact that the State, not the defendant, maintains the burden of proof. While we agree that the burden of proof is a proper topic for inquiry, a few follow-up questions from the State's voir dire or another simple poll of the jury on whether they could hold the State to its burden would have been sufficient. Counsel went over the different standards of proofs in civil cases, child-support cases, and criminal cases, engaged in a lengthy discussion and hypothetical to explain why the burden of proof was on

the State, and questioned whether the prospective jurors thought that was fair. Rather than engage in lengthy discussions about their personal views, the focus of the voir dire should be on whether they can follow the law. The different burdens of proof, why the burden of proof was on the State, and the lengthy hypothetical was unnecessary. *See Threadgill v. State*, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004) (to establish a valid challenge for cause, the law must be explained to the jury and the jury should be asked whether they can follow that law regardless of personal views); *Rogers v. State*, 44 S.W.3d 244, 248 (Tex. App.–Waco 2001, no pet.) (holding counsel prolonged voir dire by questioning the panel on the burden of proof in a termination of parental rights case).

Moreover, counsel spent nearly one-quarter of his time asking questions about a defendant's right to remain silent. Again, we recognize that this area of inquiry is generally proper; however, it is apparent that Appellant always intended to testify and did so. Further, despite recognizing that the State had already covered the topic, counsel proceeded to engage in a long discussion and speculate as to various reasons why a defendant may choose not to testify rather than to focus on the juror's ability to follow the law. Additionally, counsel's lengthy discussion on the right to testify when it appears he intended to testify, was unnecessarily belabored and immaterial.[1] *See Tamez*, 27 S.W.3d at 672-73 (holding counsel prolonged voir dire where he spent 20 percent of his time discussing the variance between the indictment and proof when there was no variance issue at trial); *Ganther v. State*, 848 S.W.2d 881, 883 (Tex. App.–Houston [14th Dist.] 1993, pet. ref'd) (holding counsel prolonged voir dire when he spent 20 minutes discussing jurisdiction, an issue that would never reach the jury).

---

[1] Our opinion should not be interpreted to say that counsel may not examine the panel on a defendant's right not to testify when a defendant intends to testify, announces his intention to the venirepanel and again during opening statement, and does testify. Rather, we believe counsel has an obligation to budget the time allowed in discussing one matter at the expense of others.

The trial court gave Appellant a five-minute warning and a one-minute warning, but Appellant did not move on to his "major issue" of the jurors' attitudes towards law-enforcement personnel. Rather, he focused on the indictment not being proof of guilt until the court allowed him one additional question, namely, whether the prospective jurors could be fair if the case involved delivery of less than one gram of cocaine.

We recognize that the unasked questions counsel posed were proper; however, "a skilled lawyer can always find more questions that are proper to ask prospective jurors." *Splawn*, 949 S.W.2d at 872. The fact that counsel can think of more proper questions should not transform a reasonable time limit into an unreasonable one. *Id*. Counsel had the responsibility to gauge the subject matter at hand, to weigh the relative importance of the legal issues sought to be addressed during voir dire examination, and then to budget the time allowed by the trial court to cover those issues. By engaging in lengthy discussions of some issues at the expense of others, counsel did not appropriately budget his time. Had he done so, he would have been able to ask all his questions. *See Rogers*, 44 S.W.3d at 248 (holding trial court did not abuse its discretion in failing to grant counsel more time when counsel could have completed her voir dire had she not engaged in irrelevant and immaterial discussions); *Glanton v. State*, No. 05-00-01844-CR, 2002 WL 1308804, at *4 (Tex. App.–Dallas June 17, 2002, pet. ref'd) (holding trial court did not abuse its discretion in failing to grant counsel more time when the disallowed questions were the type of basic inquiries that most lawyers would have addressed in the first minutes of voir dire).

## CONCLUSION

Because we find that Appellant prolonged voir dire, the trial court did not abuse its discretion in limiting Appellant's voir dire, and we therefore overrule his sole issue. *Rogers*, 44 S.W.3d at 248; *Ganther*, 848 S.W.2d at 883 (when part of the *McCarter* test is satisfied, appellate court need not

address the remaining prong).  We further note that the judgment reflects an offense date of August 19, 2005, of which Appellant was acquitted.  Accordingly, we reform the judgment to show an offense date of August 31, 2005.  The trial court's judgment is affirmed, as modified.


GUADALUPE RIVERA, Justice

January 29, 2010

Before McClure, J., Rivera, J., and Salas-Mendoza, Judge
Salas-Mendoza, Judge, sitting by assignment

(Do Not Publish)